(November 25, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MARTIN, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 2, 1984, upon a verdict convicting defendant of the crimes of sodomy in the third degree and perjury in the third degree.

Defendant was indicted for sodomy in the third degree for committing an act of oral sex with a 14-year-old boy on February 10, 1983. Defendant was also indicted for perjury in the first degree for making material false statements while testifying under oath at the trial of Thomas Danz, described as defendant's homosexual lover. A jury found defendant guilty of sodomy in the third degree and the lesser included offense of perjury in the third degree. County Court sentenced defendant to an indeterminate term of incarceration of 1⅓ to 4 years on the sodomy conviction and a definite term of incarceration of one year on the perjury conviction, the sentences to run consecutively with the sodomy sentence being served first. Defendant's appeal challenges County Court's failure to instruct the jury as to the corroboration rule under CPL 60.22 and further attacks the perjury conviction as the product of an improper perjury trap.

Assuming that defendant has preserved this issue for review, we find no reversible error in County Court's charge as claimed by defendant. CPL 60.22 (1) states that a conviction may not stand upon uncorroborated accomplice testimony and CPL 60.22 (2) defines an accomplice for these purposes. It is clear, however, that those under the age of consent, 17 years old, are incapable as a matter of law from consenting to participate in consensual crimes such as sodomy and, therefore, cannot be accomplices within the meaning of CPL 60.22

*(People v Fielding,* 39 NY2d 607). Thus, the uncorroborated testimony of the 14 year old serves as an independent basis for defendant's guilt. This independent testimony would further serve to corroborate the testimony of Sherry Gifford, who also testified as to the act of sodomy by defendant and who might have been, without deciding, an accomplice to defendant for his participation in this affair. On this record, we find no reversible error as claimed by defendant *(see, People v Pelc,* 101 AD2d 995).

We also conclude, again assuming that the issue has been preserved for review on appeal, that the perjury conviction was not the result of an improper perjury trap. At the Danz trial, defendant responded negatively when asked three questions about the commission of sexual acts involving Gifford, the 14 year old and himself between February 10 and February 14, 1983. Defendant argues that these questions were immaterial to the matter then at hand, which concerned Danz's alleged promotion of prostitution using the 14 year old, and were thus asked merely to trap defendant into committing perjury. The Court of Appeals has instructed that materiality in this general context includes "a statement that 'reflect[s] on the matter under consideration' *(People v Stanard,* 42 NY2d 74, 80), even if only as to the witness' credibility" *(People v Davis,* 53 NY2d 164, 171). It appears to us that the three questions at issue were certainly material to Danz's trial considering the involvement of defendant with Danz and the 14 year old. We further find no indicia of a perjury trap by the People *(see, supra,* at 172-175).

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.