■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONDU JOHNS, Appellant. [654 NYS2d 430] —Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 15, 1996, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Pursuant to a plea agreement, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the third degree and was sentenced to a prison term of 4 to 12 years. Defendant contends that it is unclear whether the sentence provided for in the plea bargain relates to, *inter alia*, a charge of criminal possession of a controlled substance in the third degree, filed in December 1995, as well as to a pending petit larceny charge. Defendant contends that because of this ambiguity, this Court cannot make a determination as to whether defendant's sentence was harsh and excessive. A review of the record indicates, however, that County Court explicitly stated that, among other things, all of the pending charges from December 1995 would be satisfied upon defendant entering a plea of guilty to the charge of criminal possession of a controlled substance in the third degree, but that the charge of petit larceny was not a part of the plea bargain. In light of County Court's statements, we find that there was no ambiguity regarding which charges were satisfied by defendant's plea of guilty. Moreover, the record reveals that defendant showed no sign of confusion but, rather, knowingly, intelligently and voluntarily entered into the plea agreement (*see, People v Di Rose*, 210 AD2d 700, *lv denied* 85 NY2d 937).

While defendant contends that his sentence is harsh and excessive and requests this Court to reduce it in the interest of justice, a review of the record reveals that defendant's sentence was agreed upon and within the statutory guidelines. Addition-

ally, given defendant's history of criminal conduct we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of defendant's sentence; accordingly, we will not disturb it.

Mikoll, J. P., Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.