■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIO MORALES, Appellant. [669 NYS2d 822] —Order, Supreme Court, New York County (Leslie Crocker Snyder, J.), entered on or about March 15, 1996, which denied defendant's motion, brought pursuant to CPL article 440, to set aside his sentence or vacate his judgment of conviction rendered November 20, 1990, unanimously affirmed.

Although, prior to defendant's entry of his guilty plea, the court promised defendant that his instant sentence of 10 to 20 years would be served concurrently with the 12½ to 25 year sentence he was already serving, and the earlier sentence was subsequently reduced on appeal to 7½ to 15 years, defendant is not entitled to a reduction of the instant sentence or vacatur of the plea. Measured by an objective reading of the bargain, the court kept its sentence promise notwithstanding defendant's subjective interpretation of the bargain, under which he claims he was "implicitly" promised no additional punishment beyond the earlier sentence (*see, People v Cataldo*, 39 NY2d 578). Since the plea bargain here is susceptible of only one interpretation, we conclude that the court properly denied defendant's motion without a hearing (*supra*). Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.