■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR OGINSKI, Appellant. [838 NYS2d 713]—

Rose, J. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered January 26, 2005, convicting defendant upon his plea of guilty of two counts of the crime of sexual abuse in the first degree, and (2) by permission, from an order of said court, entered September 8, 2006, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to two superior court informations charging him with sexual abuse in the first degree. County Court thereafter sentenced him to time served and 10 years of probation for each conviction. Defendant subsequently moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that the part of the plea agreement concerning the dismissal of other pending charges had not been fulfilled. County Court denied the motion. Defendant now appeals from the judgment of conviction and, by permission of this Court, from the denial of his motion.

During the plea proceedings, after the People related the terms of the plea agreement, defendant's counsel stated: "Additionally, it's our understanding that any and all charges now pending against the [d]efendant in this court or that potentially could have been presented to the [g]rand [j]ury or in the City Court of the City of Saratoga Springs would merge in these two guilty pleas and be dismissed." County Court and the prosecutor confirmed on the record that this was their understanding. At sentencing and on his motion, defendant asserted that he had understood by these terms that his guilty plea would also satisfy an unrelated driving while intoxicated charge which was

then pending in Saratoga Springs City Court and, because that charge was not dismissed, he did not receive the benefit of his plea bargain.* County Court held, however, that the only other charges covered by the plea agreement were those related to the two underlying sex offenses.

We are unpersuaded that the agreement was so limited. Because the crucial phrase "any and all charges now pending" can reasonably be read to refer to any charge then pending in either County Court or City Court without regard to its nature, "it cannot be said that 'the plea bargain . . . is susceptible to but one interpretation' " (*People v Reyes*, 167 AD2d 920, 921 [1990], *lv denied* 77 NY2d 842 [1991], quoting *People v Cataldo*, 39 NY2d 578, 580 [1976]; *cf. People v Johns*, 236 AD2d 748, 748 [1997]). Accordingly, County Court should have recognized the ambiguity, granted defendant's motion and vacated his pleas.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment and order are reversed, on the law, plea vacated and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with the Court's decision.

---

* After his motion to vacate the judgment of conviction was denied, defendant entered a plea of guilty to the driving while intoxicated charge and served 60 days in jail.