[968 NE2d 956, 945 NYS2d 602]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant,
v CHRISTOPHER PERINO, Appellant-Respondent.

Argued February 9, 2012; decided March 29, 2012

86

**POINTS OF COUNSEL**

*Hogan Lovells US LLP*, New York City (*Ira M. Feinberg, Robert B. Buehler* and *Andrew J. Sein* of counsel), for appellant-respondent. I. Christopher Perino's false testimony was not

material as a matter of law, and thus cannot support his conviction of perjury in the first degree. (*People v Davis*, 53 NY2d 164; *People v Samuels*, 284 NY 410; *Wood v People*, 59 NY 117; *People v Stanard*, 42 NY2d 74; *People v Monaco*, 32 AD3d 241; *People v Tyler*, 62 AD2d 136; *People v Clemente*, 285 App Div 258, 309 NY 890; *People v Ortiz*, 40 AD3d 374; *United States v Parr-Pla*, 549 F2d 660; *People v Rao*, 73 AD2d 88.) II. The evidence was insufficient to establish Christopher Perino's intent to testify falsely. (*People v Hattemer*, 4 AD2d 775, 4 NY2d 835; *People v Tyler*, 46 NY2d 251; *People ex rel. Hegeman v Corrigan*, 195 NY 1; *People v Lombardozzi*, 35 AD2d 528, 30 NY2d 677; *People v Monaco*, 32 AD3d 241; *People v Dwyer*, 234 AD2d 942; *People v Loughlin*, 66 NY2d 633; *People v Pena*, 50 NY2d 400; *Chavez v Martinez*, 538 US 760; *People v Samuels*, 284 NY 410.)

*Robert T. Johnson, District Attorney*, Bronx (*Christopher J. Blira-Koessler* and *Joseph N. Ferdenzi* of counsel), for respondent-appellant. I. The Appellate Division erroneously reduced defendant's convictions for perjury in the first degree to perjury in the third degree. (*People v Ianniello*, 36 NY2d 137; *People v Stanard*, 42 NY2d 74; *People v Samuels*, 284 NY 410; *People v Courtney*, 94 NY 490; *People v Davis*, 53 NY2d 164; *People v Cabey*, 85 NY2d 417; *People v Bleakley*, 69 NY2d 490; *People v Cefaro*, 23 NY2d 283.) II. Defendant's guilt of perjury in the first degree was proven by overwhelming evidence. (*Bronston v United States*, 409 US 352; *People v Neumann*, 51 NY2d 658; *People v Davis*, 53 NY2d 164; *People v Tyler*, 46 NY2d 251; *People v Pomerantz*, 46 NY2d 240; *People v Schenkman*, 46 NY2d 232; *Missouri v Seibert*, 542 US 600; *People v Dwyer*, 234 AD2d 942; *People v Goldman*, 21 NY2d 152; *Rhode Island v Innis*, 446 US 291.)

## OPINION OF THE COURT

PIGOTT, J.

Defendant, a former member of the New York City Police Department, was charged with 12 counts of perjury in the first degree (Penal Law § 210.15). The charges arose after defendant falsely answered questions posed to him on cross-examination during the criminal trial of Erik Crespo. Defendant was the lead investigator in the case against Crespo, who was suspected of shooting and severely injuring another man in the Bronx. Defendant questioned Crespo inside a precinct interrogation room regarding the shooting. Among other questions, defendant asked

Crespo where he procured the gun used in the shooting and what he did with it. During this interrogation, which lasted approximately 80 minutes, defendant never read Crespo his *Miranda* warnings. Crespo answered defendant's questions and confessed to the shooting. Unbeknownst to defendant, Crespo had recorded the entire interrogation on his MP3 player.

After the interrogation, defendant allowed Crespo's mother and aunt into the interrogation room. Crespo then told his mother, "He wants to know why I shot him." The admissibility of this statement was at issue at a pretrial hearing in the *Crespo* case; the court ruled that it was admissible as a spontaneous declaration.

At Crespo's trial, defense counsel, who had, by then transcribed the recorded interrogation, asked defendant numerous questions regarding the interrogation. As relevant to this appeal, defendant testified as follows:

> "[QUESTION:] Now, you also said on direct examination that you never asked [Crespo] any questions when you were alone with him in the room on December 31, 2005; isn't it true?
>
> "[ANSWER:] That's correct. He wasn't questioned . . . .
>
> "[QUESTION:] Did you ever ask him, 'where did you get the gun?'
>
> "[ANSWER:] No, Sir.
>
> "[QUESTION:] Did you ever ask him, 'what did you do with the gun?'
>
> "[ANSWER:] No, Sir."

Throughout the Crespo trial, defendant denied ever interrogating Crespo about the shooting. He testified that the only statement made by Crespo was his spontaneous statement to his mother. When confronted with a transcript of the entire interrogation, defendant denounced the transcript as a fabrication. Because of defendant's false testimony at Crespo's trial, the People agreed to a reduced plea offer for Crespo.

A bench trial was held on the perjury charges against defendant. He was found guilty of three counts of perjury in the first degree and of one count of perjury in the third degree.

As relevant to this appeal, the Appellate Division modified (76 AD3d 456 [1st Dept 2010]), by finding that although the

evidence was legally sufficient to establish defendant's intent to commit perjury, the two answers pertaining to the gun were not material to the Crespo prosecution (*id.* at 460). Thus, it reduced the convictions on those two counts of perjury in the first degree to perjury in the third degree, and affirmed as to the other counts on which defendant was convicted (*id.*).

A Judge of this Court granted the People and defendant leave to appeal (16 NY3d 834 [2011]). Their primary contentions concern whether defendant's statements were material to the *Crespo* action.

A necessary element of perjury in the first degree is that the false sworn statement be material to the proceeding in which it is given (Penal Law § 210.15 [b]). Materiality is typically a question of fact for the jury (*see People v Davis*, 53 NY2d 164 [1981]; *see also People v Ianniello*, 36 NY2d 137 [1975]).

> "To be material, the statement need not prove directly the fact in issue; it is sufficient if it is 'circumstantially material or tends to support and give credit to the witness in respect to the main fact' . . . Thus a statement that 'reflect[s] on the matter under consideration'. . . even if only as to the witness' credibility . . . is material for purposes of supporting a perjury charge" (*Davis*, 53 NY2d at 170-171).

At defendant's trial, the People argued that all of defendant's false testimony was material for two reasons; it went to the spontaneity and voluntariness of Crespo's statement to his mother and it went to the defendant police detective's credibility. The People called one of the prosecutors at the Crespo trial to testify as to its materiality in the *Crespo* case.

On their appeal, the People contend that the Appellate Division erred when it found the two questions concerning the gun "too narrow in scope and unrelated to the question of whether Crespo made a voluntary statement to his mother" and reduced the convictions related to those counts to perjury in the third degree (*Perino*, 76 AD3d at 460). That determination rested on a review of the facts. Therefore, it cannot be said that the modification was "on the law alone or upon the law and such facts which, but for the determination of law, would have led to . . . modification" (CPL 450.90 [2] [a]). Consequently, the People's appeal from that portion of the Appellate Division order must be dismissed.

■ On defendant's appeal, we address the part of the Appellate Division order that affirmed as to the other counts on which defendant was convicted, including the count of perjury in the first degree based upon defendant's statement that he did not question Crespo when they were alone. Defendant argues that the admissibility of Crespo's spontaneous statement was not at issue in the Crespo trial; rather, according to defendant, it was an issue at the suppression hearing and defense counsel did not introduce the transcript then. Thus, defendant argues that none of his testimony could have been material to the issues actually being litigated. Defendant's argument overlooks the fact that the statement's admissibility at the trial does not preclude defense counsel from inquiring into the circumstances surrounding it. Nothing "precludes a defendant from attempting to establish at a trial that evidence introduced by the [P]eople of a pre-trial statement made by him should be disregarded by the jury or other trier of the facts on the ground that such statement was involuntarily made" (CPL 710.70).

Therefore, we agree with the Appellate Division that the evidence was sufficient to support the finding that the statement made by defendant that he never questioned Crespo was material to the Crespo trial. More specifically, it was relevant to the jury's determination on whether Crespo's statement to his mother was truly spontaneous and voluntary or whether it was triggered by police conduct that could reasonably have been anticipated to evoke such a statement (see People v Lynes, 49 NY2d 286, 295 [1980]).

Defendant's contention that the evidence was insufficient to prove intent is not preserved for our review. His further assertion that the statements were a result of a perjury trap is without merit.

On defendant's appeal, the order of the Appellate Division, insofar as appealed from, should be affirmed. The People's appeal should be dismissed upon the ground that the Appellate Division modification was not "on the law alone or upon the law and such facts which, but for the determination of law, would not have led to . . . modification" (CPL 450.90 [2] [a]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

On defendant's appeal, order, insofar as appealed from, affirmed. People's appeal dismissed, etc.