■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v MICHELLE WEISS, Also Known as MICHELLE JEKER, Appellant-Respondent. [952 NYS2d 637]—

---

Peters, P.J.

In October 2005, during a time when defendant and her former husband, Brian Jeker, were involved in a hotly contested custody dispute concerning their children, defendant claimed that Jeker assaulted her as she was leaving a "pee wee" football game in the Town of Maine, Broome County. When police responded to the incident, they found defendant visibly injured. Two witnesses, Megan Schmid and Stephanie Murphy, provided sworn statements depicting a man of Jeker's description as the assailant. Jeker was thereafter charged in connection with the incident but, on the eve of his trial, Schmid and Murphy each recanted their statements. In so doing, Schmid explained to the prosecutor that the injuries defendant suffered, rather than being caused by Jeker, were the result of a planned and consensual attack against defendant. In plotting the assault, defendant met Murphy through a mutual acquaintance, Kevin Hyde, and then defendant, Murphy and Schmid met at a restaurant where defendant offered Murphy and Schmid $500 to falsely report that Jeker caused her injuries. As part of the plot, defendant was attacked by a neighbor of Murphy and Schmid, whom defendant had paid $50, and self inflicted some of her injuries with a razor blade. Accordingly, the charge against Jeker was dismissed.

Thereafter, in February 2006, defendant approached Murphy and offered to pay her a sum of money to sign a notarized statement retracting her earlier recantation and reasserting the truth of her initial statement. As a result, defendant was indicted and, in May 2007, she pleaded guilty to the crime of attempted bribing of a witness and was sentenced to five years of probation. During her plea allocution, defendant admitted only that she sought to influence Murphy as a witness in a court proceeding by preparing for her an affidavit with which Murphy had no involvement or input. The plea neither required defendant to admit that the attack against her was orchestrated by her or that Jeker was the assailant. Such plea was in satisfaction of any charges regarding her fabrication of the assault, including any prosecution related to perjured testimony that defendant provided in a 2005 deposition concerning the child custody proceeding during which she described Jeker as the assailant and denied knowing Murphy and Schmid.

During a subsequent deposition regarding a custody modification proceeding commenced by defendant in July 2007, defendant provided sworn testimony that Jeker had attacked her in 2005, that she had not met Murphy through Hyde and that she had never met with Schmid at the restaurant in the fall of 2005. Based upon this allegedly false testimony, defendant was indicted on three counts of perjury in the first degree. She successfully moved to dismiss the perjury count related to the statements regarding Jeker's conduct* and later moved to dismiss the remaining counts of the indictment, claiming that the prosecution of these charges was in violation of the terms of her prior plea agreement. County Court denied the motion after a hearing, finding no merit to defendant's contention that the terms of the plea agreement permitted her to commit perjury in future custody proceedings.

Following a jury trial, defendant was found guilty on the remaining counts of perjury in the first degree. At sentencing, County Court denied the People's request to sentence her as a second felony offender, concluding that she was not made aware during the May 2007 plea allocution that the plea did not satisfy future false statements related to the 2005 assault. The court thereafter sentenced defendant to concurrent five-year terms of probation, and these cross appeals ensued.

Defendant contends that the statements claimed to be false were not material to the issues before Family Court and, therefore, cannot support her conviction on each count of perjury in the first degree. We disagree. A person is guilty of perjury in the first degree when he or she gives false sworn testimony that is "material to the action, proceeding or matter in which it is made" (Penal Law § 210.15). "To be material, the statement need not prove directly the fact in issue; it is sufficient if it is circumstantially material or tends to support and give credit to the witness in respect to the main fact" (*People v Davis*, 53 NY2d 164, 170-171 [1981] [internal quotation marks and citation omitted]). Thus, a statement is material if it " 'reflect[s] on the matter under consideration' . . . , even if only as to the witness' credibility" (*id.* at 171, quoting *People v Stanard*, 42 NY2d 74, 80 [1977], *cert denied* 434 US 986 [1977]; *see People v Perino*, 19 NY3d 85, 89 [2012]; *People v Tucker*, 95 AD3d 1437, 1441 [2012]; *People v Evans*, 269 AD2d 797, 797

---

* This count of perjury in the first degree charged defendant with falsely stating that she was attacked by Jeker at the pee wee football game in response to the following question: "[W]hat did you *claim* happened in October of 2005" (emphasis added). Because defendant did, in fact, make such a claim, the court found the essential element of falsity to be lacking.

[2000], *lv denied* 95 NY2d 834 [2000]; *People v Martin*, 134 AD2d 767, 768 [1987], *lv denied* 71 NY2d 899 [1988]). Notably, whether the false testimony is material is a question to be resolved by the trier of fact (*see People v Perino*, 19 NY3d at 89; *People v Williams*, 51 AD3d 1141, 1143 [2008], *lv denied* 10 NY3d 959 [2008]).

Here, the People established that the perjured testimony at issue—that is, defendant's denials that she had met with Murphy and Schmid prior to the claimed assault—were material to the Family Court proceeding in which they were given. Jeker's counsel testified that he specifically asked defendant the questions in order to memorialize her responses so that he could later test her credibility at the hearing on the custody modification petition. As the false testimony bore directly on defendant's credibility, both generally and specifically regarding her claim that she had been assaulted by Jeker, it was material to Family Court's inquiry—which focused on whether a modification of custody would be in the best interests of the child (*see People v Davis*, 53 NY2d at 171; *People v Thomas*, 162 AD2d 822, 823 [1990]). Accordingly, we find defendant's convictions for perjury in the first degree to be supported by legally sufficient evidence.

Nor are the convictions against the weight of the evidence. The fact that Murphy and Schmid have criminal histories and were testifying pursuant to cooperation agreements with the People did not render their testimony unworthy of belief (*see People v Thompson*, 75 AD3d 760, 763 [2010], *lv denied* 15 NY3d 896 [2010]; *People v Vargas*, 60 AD3d 1236, 1238 [2009], *lv denied* 13 NY3d 750 [2009]). Further, the minor inconsistencies between the testimony of the People's witnesses regarding the assault scheme were fully developed at trial and presented a credibility issue for the jury to resolve (*see People v Davis*, 83 AD3d 1210, 1211 [2011], *lv denied* 17 NY3d 794 [2011]; *People v Stearns*, 72 AD3d 1214, 1216 [2010], *lv denied* 15 NY3d 778 [2010]). Evaluating the evidence in a neutral light and according due deference to the jury's credibility assessments (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Vargas*, 60 AD3d at 1239), we are satisfied that the verdict is supported by the weight of the evidence. Defendant's additional claim that the indictment is the product of a perjury trap sprung upon her by the People is similarly without merit (*compare People v Tyler*, 46 NY2d 251, 257-259 [1978]).

Turning to the People's cross appeal, we agree that County Court erred in refusing to sentence defendant as a second felony offender. A defendant may be sentenced as a second felony of-

fender if the prosecution demonstrates beyond a reasonable doubt that the defendant was previously convicted of a felony (*see* CPL 400.21 [1], [7]). " 'Once the fact of the prior conviction has been established, it is then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained' " (*People v Pierre*, 45 AD3d 1056, 1057 [2007], *lv denied* 9 NY3d 1037 [2008], quoting *People v Harris*, 61 NY2d 9, 15 [1983] [citation omitted]; *see* CPL 400.21 [7] [b]; *People v Pelkey*, 63 AD3d 1188, 1190 [2009], *lv denied* 13 NY3d 748 [2009]). Here, there is no dispute that the People met their initial burden of establishing defendant's prior felony conviction for attempted bribing of a witness. In response, defendant maintained that the circumstances of her plea negotiations and subsequent guilty plea led her to believe that she would be immune from future prosecutions related to any future false statements regarding the circumstances surrounding the 2005 assault. An objective reading of the bargain, however, belies her claim.

During the plea proceeding, defendant's counsel, Michael Farkas, stated that the plea agreement was in satisfaction of certain crimes and allegations, including charges related to defendant's alleged unlawful practice of psychiatry, psychology and/or counseling, as well as uncharged allegations that defendant had committed perjury in a 2005 deposition, and noted that the People agreed that "these will not be prosecuted in the future once this plea is formalized." Indeed, a letter from Assistant District Attorney Stephen Ferri to Farkas prior to the plea confirms that the agreement would satisfy "[a]ny uncharged perjury counts from testimony regarding the November 16, 2005 incident." Notably, Farkas further advised the court that the guarantees provided by the People would "[o]bviously . . . not cover any matters that are not known to the District Attorney or police department." Although the record reveals that the People were aware at the time of the plea that defendant was intent on continuing to litigate her custody battle, that the 2005 alleged assault would necessarily be an issue raised in those proceedings and that defendant would likely challenge the testimony of Murphy and Schmid, there is nothing to suggest that defendant would not be prosecuted for any subsequent false testimony in that regard or that her plea was otherwise in satisfaction of crimes not yet committed. Since an objective reading of the plea bargain is susceptible to but one interpretation, defendant's misunderstanding or subjective view of this aspect of the agreement is insufficient to demonstrate that her plea was unconstitutionally obtained (*see People v Champion*, 20 AD3d 772, 773 [2005]; *People v James*, 251 AD2d 813, 815

[1998]; *People v Morales*, 248 AD2d 257, 257 [1998], *lv denied* 92 NY2d 857 [1998]; *People v Johns*, 236 AD2d 748, 748 [1997]; *People v Leggett*, 163 AD2d 862, 863 [1990]). Nor was defendant's plea rendered invalid due to the fact that she was not specifically informed that, as a consequence of the plea, she could be subsequently prosecuted for any future perjurious statements made regarding the 2005 assault (*see generally People v Harnett*, 16 NY3d 200, 205-206 [2011]; *People v Ford*, 86 NY2d 397, 403 [1995]). As defendant failed to sustain her burden of demonstrating the unconstitutionality of the plea, the court erred in not sentencing her as a second felony offender. Accordingly, the sentence must be vacated and the matter remitted to County Court for resentencing.

Lahtinen, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for resentencing; and, as so modified affirmed.