*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                    105676
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                      MEMORANDUM AND ORDER

EDRICK L. ROUSE,
                        Appellant.
_____

Calendar Date:  June 3, 2014

Before:  Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

_____

    Abbie Goldbas, Utica, for appellant.

    Joseph A. McBride, District Attorney, Norwich (Michael J.
Genute of counsel), for respondent.

_____

Egan Jr., J.

    Appeal from a judgment of the County Court of Chenango
County (Revoir Jr., J.), rendered January 7, 2013, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

    In full satisfaction of a three-count indictment, defendant
pleaded guilty to one count of criminal possession of a
controlled substance in the third degree in exchange for a
negotiated sentence of 3½ years in prison followed by three years
of postrelease supervision.  During the course of the plea
proceeding, defendant requested that he be furloughed in order to
visit with his children prior to sentencing.  When County Court
(Sullivan, J.) denied that request, defense counsel — although
acknowledging that the sought-after furlough was not a term of

the plea agreement – immediately moved to withdraw the plea upon defendant's behalf.  This oral motion to withdraw defendant's plea was denied, and the matter was adjourned for sentencing.  Prior thereto, defendant apparently attempted to file a written motion to withdraw his plea and, further, requested a furlough to attend his grandmother's funeral.  When the requested furlough was granted, defendant indicated that he would forgo his written application to withdraw his plea and would pursue the initial denial thereof on appeal.  County Court (Revoir Jr., J.) thereafter sentenced defendant as a second felony offender to the agreed-upon sentence.  Defendant now appeals.

We affirm.  "Whether a defendant should be permitted to withdraw his or her plea rests within the sound discretion of the trial court and, generally, such a motion should not be granted absent a showing of innocence, fraud or mistake in the inducement" (People v Barton, 113 AD3d 927, 928 [2014] [internal quotation marks and citations omitted]; see People v Wilson, 101 AD3d 1248, 1249 [2012]).  Here, a fair reading of the plea colloquy compels but one conclusion – namely, that defendant's requested furlough to visit with his children prior to sentencing was not part and parcel of the plea agreement (compare People v Brown, 14 NY3d 113, 115 [2010]) and, therefore, neither defendant's subjective misunderstanding of that agreement nor his disappointment upon learning that his furlough request was denied affords a basis upon which to withdraw his plea (see People v Leggett, 163 AD2d 862, 863 [1990]; cf. People v Weiss, 99 AD3d 1035, 1039 [2012], lvs denied 20 NY3d 1012, 1015 [2013]; see generally People v Wilson, 101 AD3d at 1249).  Accordingly, defendant's motion in this regard was properly denied.

To the extent that defendant now challenges the factual sufficiency of his plea, we note that this claim was not raised in his motion to withdraw his plea.  Hence, this issue is not preserved for our review (see People v Escalante, 16 AD3d 984, 984-985 [2005], lvs denied 5 NY3d 788, 793 [2005]).  Additionally, the narrow exception to the preservation requirement was not triggered, "as defendant made no statements during the plea allocution that cast doubt upon his guilt or the voluntariness of his plea, or negated a material element of the crime" (People v MacDonald, 113 AD3d 968, 968 [2014]; see People

v Harris, 82 AD3d 1449, 1449 [2011], lv denied 17 NY3d 953 [2011]).  In any event, "defendant was not required to recite the elements of his crime or engage in a factual exposition, as his unequivocal affirmative responses to County Court's questions were sufficient to establish the elements of the crime charged" (People v Smith, 112 AD3d 1232, 1233 [2013], lv denied 22 NY3d 1203 [2014] [internal quotation marks and citation omitted]; see People v Shurock, 83 AD3d 1342, 1343 [2011]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court