*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 29, 2015                    106271
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                               MEMORANDUM AND ORDER

SHAHEAN A. ATKINSON,
                    Appellant.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        John P.M. Wappett, Public Defender, Lake George (Marcy I. Flores of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee B. Davenport of counsel), for respondent.

_____

McCarthy, J.

        Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered June 26, 2013, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

        Defendant waived indictment and was charged in a superior court information with criminal sale of a controlled substance in the third degree.  He pleaded guilty to this charge and waived his right to appeal, both orally and in writing.  He was sentenced in accordance with the plea agreement to four years in prison, to be followed by two years of postrelease supervision.  Defendant appeals.

Defendant challenges the factual sufficiency of his plea allocution as well as the severity of his sentence.  A valid waiver of the right to appeal precludes a defendant from raising these claims (see People v Torres, 117 AD3d 1497, 1498 [2014], lvs denied 24 NY3d 963, 965 [2014]; People v Perry, 50 AD3d 1244, 1245 [2008], lv denied 10 NY3d 963 [2008]).  However, the record here reveals that defendant's appeal waiver was deficient inasmuch as he was not clearly advised that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty, and County Court did not make a proper inquiry to confirm that defendant had been advised and understood the significance of the written waiver (see People v Chappelle, 121 AD3d 1166, 1167 [2014]; People v Burgette, 118 AD3d 1034, 1035 [2014]).  In view of this, defendant is not foreclosed from raising these claims.  Nevertheless, the record does not indicate that defendant moved to withdraw his guilty plea based upon the factual insufficiency of the allocution, which he now asserts, and for this reason his claim regarding the factual sufficiency of his plea is not preserved (see People v Wasley, 119 AD3d 1216, 1216 [2014], lv denied 24 NY3d 1048 [2014]; see also People v O'Neill, 116 AD3d 1240, 1241 [2014]).  The narrow exception to the preservation rule is inapplicable inasmuch as the record does not disclose that defendant made statements casting doubt upon his guilt or negating a material element of the crime (see People v Rouse, 119 AD3d 1161, 1162-1163 [2014]; People v Pearson, 110 AD3d 1116, 1116 [2013]).

As for the sentence, it is neither harsh nor excessive. Defendant has a lengthy criminal record and he agreed to the sentence as part of the plea bargain.  Consequently, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Lussier, 109 AD3d 1023 [2013]; People v Rose, 79 AD3d 1365, 1367 [2010]).

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court