*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    February 25, 2016                    106780
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                     MEMORANDUM AND ORDER

JAMES DAVIS,
                        Appellant.
_____


Calendar Date:    January 5, 2016

Before:    McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(George J. Hoffman Jr. of counsel), for appellant.

        Mary E. Rain, District Attorney, Canton (Ramy Louis of
counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered April 24, 2006, convicting
defendant upon his plea of guilty of the crime of assault in the
first degree.

        While playing cards in their cell, defendant, a prison
inmate, engaged in a fight with his cellmate on April 7, 2005.
Documentary evidence contained in the record on appeal reflects
that the cellmate, who "appeared to have been severely beaten,"
died from asphyxiation due to strangulation.  As a result,
defendant was indicted and charged with one count of murder in
the second degree (depraved indifference murder) in August 2005.
In full satisfaction of that charge, defendant entered into a

plea agreement that included a waiver of the right to appeal, pursuant to the terms of which defendant pleaded guilty to the reduced charge of assault in the first degree (depraved indifference assault). Consistent with that agreement, County Court thereafter sentenced defendant, as an admitted second felony offender, to 14 years in prison followed by five years of postrelease supervision, to be served consecutively to the sentence defendant then was serving. Defendant now appeals.[1]

Defendant first contends that his purported waiver of the right to appeal was not knowing, intelligent and voluntary. We agree. Although County Court elicited an oral appeal waiver from defendant, the court neither explained the meaning thereof nor inquired as to whether defendant had discussed the waiver of his appellate rights with counsel (see People v Ashlaw, 126 AD3d 1236, 1237 [2015]). Similarly, while defendant signed a written appeal waiver in open court, County Court did not ask whether defendant had read the waiver, was aware of its contents or — again — had discussed it with counsel. Accordingly, we are unable to conclude that defendant appreciated the consequences of the waiver (see People v Elmer, 19 NY3d 501, 510 [2012]; People v Rabideau, 130 AD3d 1094, 1094-1095 [2015]; People v Ashlaw, 126 AD3d at 1237; People v Vences, 125 AD3d 1050, 1051-1052 [2015]).

Defendant next challenges the factual sufficiency of his plea, arguing that County Court failed to elicit sufficient facts to show that he acted with a depraved indifference to human life. This argument, however, is unpreserved for our review absent record evidence that defendant made an appropriate postallocution motion (see People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]; People v Sylvan, 107 AD3d 1044, 1045 [2013], lv denied 22 NY3d 1141 [2014]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered here, "as defendant made no statements during the plea allocution that negated an element of the crime or

---

[1] Although defendant filed a notice of appeal from the judgment of conviction in April 2006, he did not perfect his appeal in this Court until August 2015. The reasons underlying defendant's delay in so doing are not readily apparent.

otherwise called into doubt his guilt or the voluntariness of his plea" (People v Richardson, 132 AD3d 1022, 1023 [2015]; see People v Atkinson, 124 AD3d at 1150; People v Rouse, 119 AD3d 1161, 1162-1163 [2014]). To the extent that defendant faults County Court for not more fully exploring the depraved indifference element of the crime during the course of the plea colloquy, "defendant was not required to recite the elements of his crime or engage in a factual exposition" (People v White, 84 AD3d 1641, 1641 [2011] [internal quotation marks and citation omitted], lv denied 18 NY3d 887 [2012]; accord People v Rouse, 119 AD3d at 1163). In any event, we are satisfied that defendant's affirmative and unequivocal responses to County Court's inquiries were sufficient to establish the elements of the subject crime (cf. People v Anderson, 38 AD3d 1061, 1062 [2007], lv denied 8 NY3d 981 [2007]).

Finally, in light of the invalid appeal waiver, defendant's challenge to the sentence imposed as harsh and excessive is not precluded. That said, we are not persuaded that a reduction in the agreed-upon sentence is warranted — particularly given defendant's admission that he strangled the victim, ultimately causing his death. Accordingly, the judgment of conviction is affirmed.

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court