## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  May 19, 2016                    106341
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

NICOLE L. CASE,
                    Appellant.
_____

Calendar Date:  April 20, 2016

Before:  Lahtinen, J.P., McCarthy, Devine, Clark and Mulvey, JJ.

_____

        Eric C. Morigerato, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Mulvey, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered August 20, 2013 in Albany County, convicting defendant
upon her plea of guilty of the crime of burglary in the second
degree.

        Defendant pleaded guilty to burglary in the second degree
pursuant to a plea agreement that satisfied a five-count
indictment and capped her prison sentence at nine years to be
followed by four years of postrelease supervision.  The charges
stemmed from defendant's involvement with others in a violent
home invasion in which items of personal property were stolen.
Consistent with the agreement, Supreme Court imposed a prison
term of eight years with four years of postrelease supervision.
Defendant now appeals.

We affirm. Initially, defendant argues that she did not knowingly waive her right to appeal. The record discloses that an appeal waiver was recited as a term of the agreement, and Supreme Court explained during the plea allocution that it was separate and distinct from the trial rights forfeited by the guilty plea, and ascertained that defendant understood and willingly waived her appellate rights. Defendant, who conferred with counsel during the oral appeal waiver, also signed a written appeal waiver in court after indicating that she had discussed it "fully" with counsel and understood it. Accordingly, we find that the appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Jackson, 129 AD3d 1342, 1342 [2015]; People v Toback, 125 AD3d 1060, 1061 [2015], lv denied 25 NY3d 993 [2015]), precluding her challenges to the sentence as harsh and excessive and to the adequacy of the plea allocution (see People v Lopez, 6 NY3d at 255-256 [2006]; People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]; People v Rapp, 133 AD3d 979, 979 [2015]).

While defendant's challenge to her guilty plea as involuntary survives her appeal waiver, it was not preserved by an appropriate postallocution motion to withdraw her guilty plea (see CPL 220.60 [3]; People v O'Keefe, 133 AD3d 1034, 1035 [2015], lv denied 26 NY3d 1148 [2016]), and she made no statements during the allocution that negated an essential element of the crime or cast doubt on her guilt so as to trigger the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Burritt, 127 AD3d 1433, 1434 [2015]). Contrary to her claims on appeal that she had wanted to withdraw her guilty plea, the record reflects that after she made statements at sentencing minimizing her involvement and suggesting that she wanted to cooperate against her accomplices, she was afforded an adjournment to permit her to move to withdraw her plea and thereafter expressly declined to so move (see People v Martin, 125 AD3d 1054, 1054 [2015], lv denied 26 NY3d 932 [2015]). In any event, her unequivocal responses to Supreme Court's detailed questions were sufficient to establish her guilt and the record establishes that her plea was knowing, voluntary and intelligent (see People v Tyrell, 22 NY3d 359, 365 [2013]; People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v

Rouse, 119 AD3d 1161, 1163 [2014]).

        Also lacking in merit is defendant's claim that she was deprived of meaningful representation (see People v Benevento, 91 NY2d 708, 713-714 [1998]).  "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Beekman, 134 AD3d 1355, 1356-1357 [2015] [internal quotation marks and citation omitted]).  Defendant expressed satisfaction with the representation provided by defense counsel, who secured a favorable plea deal that avoided a substantially longer potential sentence, and she has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure[s]" (People v Wragg, 26 NY3d 403, 409 [2015]).  Finally, her assertions regarding what counsel advised her or investigated are outside the record on appeal and are more properly raised in a motion to vacate the judgment pursuant to CPL article 440 (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Miner, 120 AD3d 1449, 1450 [2014]).  Her remaining claims lack merit.

        Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.


        ORDERED that the judgment is affirmed.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court