■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PP., Appellant. [59 NYS3d 840]—

Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 22, 2015, (1) convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

In 2007, defendant pleaded guilty to attempted burglary in the second degree in satisfaction of a two-count indictment and was sentenced, as a youthful offender, to five years of probation, which was later extended. In 2013, defendant was again sentenced to a five-year term of probation after he pleaded guilty to another charge of attempted burglary in the second degree committed in 2009. In 2015, defendant was charged with burglary in the second degree stemming from a 2014 home invasion and, as a result, was also charged with violating the conditions of his probationary sentences. Under the terms of a plea agreement intended to resolve the foregoing pending matters, defendant waived indictment and pleaded guilty to the reduced charge of attempted burglary in the second degree in

satisfaction of a superior court information related to the 2015 charge. As part of the agreement, defendant acknowledged that he was a second violent felony offender on the new charge and admitted violating the conditions of probation, and was required to waive his right to appeal. In accordance with the terms of the agreement, County Court revoked probation and resentenced defendant to concurrent prison terms of 1 to 4 years on the 2007 conviction and four years followed by three years of postrelease supervision for the 2013 conviction, and imposed a consecutive prison sentence of five years with five years of postrelease supervision, as a second violent felony offender, for the 2015 conviction. Defendant now appeals.

We affirm. Defendant's sole contention on appeal is that the sentence is harsh and excessive. As an initial matter, while a waiver of appeal was recited as a condition of the plea agreement, the record does not reflect that defendant understood and fully appreciated the consequences of the appeal waiver or that it applied to both the sentence and the resentencing* (*see* *People v Sanders*, 25 NY3d 337, 340 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). County Court provided no explanation of the meaning of the right to appeal or the waiver and did not ask defendant if he had discussed the waiver or appellate process with counsel (*see* *People v Lewis*, 138 AD3d 1346, 1347 [2016], *lv denied* 28 NY3d 1073 [2016]; *People v Davis*, 136 AD3d 1220, 1221 [2016], *lv denied* 27 NY3d 1068 [2016]; *cf. People v Bryant*, 28 NY3d 1094, 1096 [2016]). While defendant signed a written waiver in court, the court failed to ascertain that defendant had read and understood it, was aware of its contents or, again, had reviewed it with counsel (*see* *People v Davis*, 136 AD3d at 1221). As the waiver of appeal was not valid, defendant's challenge to the severity of the sentences is not precluded (*see* *People v Lopez*, 6 NY3d at 256; *People v Larock*, 139 AD3d 1241, 1242 [2016], *lv denied* 28 NY3d 932 [2016]).

Nonetheless, we are not persuaded that the agreed-upon sentences are harsh and excessive given defendant's recurring violations of the conditions of probation over the span of many years and his repeated commission of burglaries while on probation. Although defendant was only 17 years old at the time of the 2007 offense, he was granted youthful offender treatment and was permitted to participate in a judicial diversion program (*see* CPL art 216). Given the seriousness of defendant's criminal history and his commission of another home

---

* The record does not reflect that defendant previously waived his right to appeal in connection with the first two convictions.

invasion in 2014 at the age of 25 while wearing a mask and trying to forcibly steal from the occupants, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentences in the interest of justice (*see* CPL 470.15 [6] [b]).

Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur. Ordered that the judgment is affirmed.

