People v Baker (2018 NY Slip Op 00488)





People v Baker


2018 NY Slip Op 00488


Decided on January 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2018

107941

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL BAKER, Appellant.

Calendar Date: December 13, 2017

Before: Garry, P.J., Egan Jr., Devine, Clark and Mulvey, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered April 13, 2015, convicting defendant upon his plea of guilty of the crimes of attempted burglary in the second degree and stalking in the fourth degree.
In March 2013, defendant became involved in a romantic relationship with the victim, and the two subsequently shared a residence. The relationship deteriorated following an aggressive sexual encounter that frightened the victim. In March 2014, the victim packed up defendant's belongings and he moved out. Unable to accept the breakup, defendant proceeded to harass the victim by calling, texting and emailing her hundreds of times and appearing at public places where he knew he would see her. In May 2014, after an unsuccessful attempt to talk to the victim while she was out with friends, defendant went to her residence, entered the garage and tried to get inside. He was arrested, and
a stay away order of protection was issued in favor of the victim. Defendant soon violated the order by attempting to have contact with the victim through a third party. As a result of his actions, he was charged in a 16-count indictment with various crimes [FN1]. In satisfaction thereof, he pleaded guilty to attempted burglary in the second degree and stalking in the fourth degree and waived his right to appeal both orally and in writing. Under the terms of the plea agreement, he agreed to leave sentencing to the discretion of County Court, but was advised that he could [*2]receive a maximum sentence of seven years in prison on the attempted burglary conviction. County Court ultimately sentenced defendant to five years in prison and three years of postrelease supervision on the attempted burglary conviction and one year in jail on the stalking conviction, the sentences to run concurrently. He now appeals.
Defendant's sole contention is that the sentence is harsh and excessive. Initially, the People concede and we agree that defendant's appeal waiver was invalid. The record does not disclose that County Court fully advised defendant of the consequences of the waiver or that defendant understood them (see People v Joseph PP., 153 AD3d 970, 971 [2017]). Although defendant's challenge to the severity of the sentence is thus not precluded by the waiver, we find his claim to be unavailing. Defendant engaged in a persistent pattern of intimidating behavior that frightened the victim for months after she ended their relationship and urged him to stop contacting her. Notwithstanding his lack of a significant criminal record, defendant violated a previous order of protection issued in another case and continued to engage in similar conduct by continually violating the order of protection that was issued in favor of the victim. In view of the foregoing, and considering that a sentencing commitment was not made part of the plea agreement, we do not find an abuse of discretion or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Beach, 306 AD2d 753, 754 [2003]; see also People v Womack, 143 AD3d 1171, 1174 [2016], lv denied 28 NY3d 1151 [2017]).
Garry, P.J., Egan Jr., Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant subsequently violated the order of protection a second time and pleaded guilty to criminal contempt in the second degree in connection with this violation.