People v Braye (2018 NY Slip Op 03562)





People v Braye


2018 NY Slip Op 03562


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108051

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN BRAYE, Also Known as BLIND, Appellant.

Calendar Date: April 3, 2018

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Robert M. Carney, District Attorney, Schenectady (Jennifer Uhl, Law Intern), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered August 24, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and purportedly waived his right to appeal. As part of the plea agreement, defendant was advised that he would be sentenced to no less than five years but no more than six years in prison. County Court thereafter sentenced him, as a second felony offender, to six years in prison, to be followed by 1½ years of postrelease supervision. Defendant now appeals.
Initially, although defendant executed a written waiver of appeal, the brief inquiry conducted by County Court regarding defendant's understanding of the waiver and its ramifications did not establish that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Joseph PP., 153 AD3d 970, 971 [2017]; People v Davis, 136 AD3d 1220, 1221 [2016], lv denied 27 NY3d 1068 [2016]). As such, defendant's challenge to the severity of his sentence is not precluded (see People v Ortiz, 153 AD3d 1049, 1049 [2017]).
Nonetheless, given defendant's criminal history and that he agreed to the sentence as part of the plea agreement, we find neither extraordinary circumstances nor an abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Thompson, 157 AD3d 1141, 1142 [2018]; People v Zabawczuk, 128 AD3d 1267, 1269 [2015], lv denied 26 [*2]NY3d 937 [2015]).
Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.