People v McClain (2018 NY Slip Op 06830)





People v Mcclain


2018 NY Slip Op 06830


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

108872

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TORJUAN McCLAIN, Also Known As TYLER JAMES and T.J., Appellant.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 17, 2014, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to rape in the first degree in satisfaction of a three-count indictment and waived his right to appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of 15 years to be followed by 20 years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's claim, his combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; compare People v Bradshaw, 18 NY3d 257, 265-266 [2011]). The record reflects that County Court carefully explained the nature of the right to appeal and the consequences of the waiver of appeal, made clear its separate and distinct nature, afforded defendant two recesses to discuss the waiver with counsel, and ascertained that defendant had reviewed the written waiver with counsel and understood it prior to signing it in open court. Accordingly, defendant's challenge to the factual sufficiency of his plea allocution, which was not preserved for our review by an appropriate postallocution motion (see CPL 220.60 [3]; People v Leflore, 154 AD3d 1164, 1165 [2017], lv denied 30 NY3d 1106 [2018]), is foreclosed by his valid appeal waiver (see People v Chaney, 160 AD3d 1281, 1283 [2018], lv denied 31 NY3d 1146 [2018]; People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018])[FN1]. To the extent that defendant challenges the sufficiency of the evidence before the grand jury [*2]and the sufficiency of the evidence underlying the charge to which he pleaded guilty, these claims are nonjurisdictional and are likewise precluded by his guilty plea and appeal waiver (see People v Hansen, 95 NY2d 227, 232-233 [2000]; People v Chaney, 160 AD3d at 1283; People v Keebler, 15 AD3d 724, 727 n 1 [2005], lv denied 4 NY3d 854 [2005]).[FN2]
 Defendant's argument that his guilty plea was not knowing, voluntary and intelligent because he is cognitively impaired and suffers from mental illness survives his appeal waiver but was not preserved by an appropriate postallocution motion, despite an opportunity to do so, and the record does not reflect that he made any statements that triggered the narrow exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Case, 139 AD3d 1239, 1240 [2016], lv denied 28 NY3d 928 [2016]). Moreover, County Court ordered competency exams pursuant to CPL article 730 at defense counsel's request (see CPL 730.10 [2]), a report was issued concluding that he was competent to proceed, which he declined to challenge, and he made no request for a competency hearing (see CPL 730.10 [1]; People v Mendez, 1 NY3d 15, 19 [2003]; People v Banker, 138 AD3d 1253, 1254 [2016], lv denied 28 NY3d 926 [2016]). Finally, defendant expressly declined to withdraw his plea at sentencing (see People v Case, 139 AD3d at 1240). Were the issue preserved, we would find that his challenges to his guilty plea are unsupported by the record (see People v Vandemark, 117 AD3d 1339, 1340 [2014], lv denied 24 NY3d 965 [2014]).
McCarthy, J.P., Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: In any event, were we to address the merits of this claim despite the lack of preservation, we would find that, during the plea allocution, defendant adequately admitted to the facts as alleged in the indictment, including that he had engaged in sexual intercourse with the identified victim by forcible compulsion, which he reaffirmed at sentencing.

Footnote 2: Defendant's valid appeal waiver also precludes any challenge to County Court's denial of his motion to dismiss the indictment based upon insufficient evidence (see People v Trapani, 162 AD3d 1121, 1122 [2018]).