The People of the State of New York, Respondent,
against
Ceasar Mercado, Appellant.




New York City Legal Aid Society (Ronald Alfano of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Eugene Schwartzwald, J.H.O., at suppression hearing; Raymond Rodriguez, J., at plea and sentencing), rendered November 2, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Charged with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant moved to suppress physical evidence and statements, alleging that he had been arrested without probable cause and that his statements had resulted from unwarned custodial interrogation. After a combined Mapp/Huntley hearing, the judicial hearing officer's recommendation to deny the motion to suppress evidence was adopted by Judge Raymond Rodriguez, whereupon defendant pleaded guilty to the charge and was sentenced to, among other things, time served. Defendant's sole issue on appeal concerns the Criminal Court's determination to deny suppression.
The judicial hearing officer found credible the testimony of a trained and experienced detective that he had observed defendant, seated in an automobile parked in a drug-prone neighborhood, receive and examine a number of glassine envelopes from another person and subsequently placed those envelopes on his person. The automobile, with defendant still inside, was driven away. The detective told the other detective in the unmarked police vehicle what he had observed and they followed the automobile in which defendant was a passenger. After a short distance, that car stopped and defendant got out. The detective stopped his own vehicle, whereupon the other detective exited the police vehicle, identified himself to defendant, asked defendant to "stop," informed defendant that he had been observed in possession of glassine [*2]envelopes in the vehicle, and asked defendant, "Do you have anything on you you are not supposed to have?" Defendant replied, "I just want to let you know that I have a stem in my pocket." A search of defendant produced numerous glassine envelopes, some of which proved to contain heroin, and a glass pipe containing cocaine residue. While still at the scene, defendant asked the first detective if he could be given a desk appearance ticket. The detective responded, "Sure," and qualified his response with the statement that he must first determine that no outstanding warrants existed. Defendant then admitted that he had purchased "dope" from the driver of the vehicle defendant had been sitting in.
Credibility determinations are largely based on the factfinder's "peculiar advantages of having seen and heard the witnesses" (People v Prochilo, 41 NY2d 759, 761 [1977]). As it cannot be said that the factual findings lack support in the record or that the hearing testimony is so " 'manifestly untrue, physically impossible, contrary to experience or self-contradictory' as to render it incredible as a matter of law" (People v Scire, 57 Misc 3d 157[A], 2017 NY Slip Op 51661[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017], quoting People v Barnes, 129 AD3d 981, 982 [2015]), the trial court properly adopted the judicial hearing officer's factual findings and the conclusion that there was probable cause for defendant's arrest.
While the observation of an "exchange" or the "passing" of glassine envelopes may not merit an inference of probable cause (People v McRay, 51 NY2d 594, 601 [1980]; see also People v Jones, 90 NY2d 835, 837 [1997]; People v Williams, 69 AD3d 663, 664 [2010]; People v Ketteles, 62 AD3d 902, 904 [2009]), we need not determine whether there existed sufficient, additional indicia of criminality justifying a probable cause finding (see People v McRay, 51 NY2d at 603-604; e.g. People v Joseph, 27 NY3d 1009, 1011 [2016]; People v Tieman, 112 AD3d 975, 976 [2013]; People v Herndon, 75 AD3d 1083, 1083 [2010]), because here, the detective's initial interaction with defendant amounted to only a level two "common-law right to inquire . . . [which] is activated by a founded suspicion that criminal activity is afoot" (People v De Bour, 40 NY2d 210, 223 [1976]; see e.g. People v Brown, 148 AD3d 1562, 1563-1564 [2017]; People v Chin, 25 AD3d 461, 462 [2006]), and which permits "a somewhat greater intrusion" than a level one inquiry (People v Moore, 6 NY3d 496, 498 [2006]). The detective limited his approach to defendant to asking him to "stop"—a direction which does not represent a seizure (see People v Bora, 83 NY2d 531, 532 [1994]; People v Nonni, 135 AD3d 52, 56 [2015], revd on other grounds sub nom. People v Parker, 32 NY3d 49 [2018])—informing defendant that he had been observed in possession of glassine envelopes, and inquiring if defendant possessed anything he was not supposed to have. The latter question is consistent with a level two intrusion, that is, the type of "pointed question[ ] that would lead the person approached reasonably to believe that he . . . is suspected of some wrongdoing and is the focus of the officer's investigation" (People v Hollman, 79 NY2d 181, 185 [1992]; see e.g. People v White, 159 AD3d 741, 746 [2018], but short of a level three forcible detention and short of establishing that defendant was in custody for probable cause and Miranda purposes. When defendant replied that he possessed a glass pipe used to smoke crack cocaine (a "stem"), there was probable cause to arrest and search him (see People v Ketteles, 62 AD3d at 903).
The judicial hearing officer's determination that defendant's subsequent statements—while in custody and before the administration of the Miranda warnings—were admissible as "spontaneous," was properly adopted by the trial court. An unwarned custodial [*3]statement is admissible where not "triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration" (People v Adams, 157 AD3d 897, 898 [2018] [and citations therein]; see also People v Perino, 19 NY3d 85, 90 [2012]), that is, it was "not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed" (People v Maerling, 46 NY2d 289, 302-303 [1978]). There is no evidence that defendant's request to be given a desk appearance ticket rather than be taken to the police precinct was induced by any prior police statement or conduct that could reasonably have been expected to provoke it, and the detective's response, "Sure," followed by the qualification that the detective would first determine that no outstanding warrants existed, cannot be "viewed as one designed to elicit some further reply by defendant" (People v Lynes, 49 NY2d 286, 294 [1980]; see e.g. People v Norman, 77 AD3d 497, 498 [2010]). Defendant's subsequent comment that he had purchased "dope" from the driver of the vehicle in which defendant had been sitting was also not preceded by any police questioning or conduct that reasonably could be expected to induce it. "The police are not required to take affirmative steps to prevent a person who is in custody from making incriminating statements" (People v Patterson, 48 AD3d 487, 488 [2008]; see also People v Rivers, 56 NY2d 476, 479 [1982]).
Accordingly, the judgment of conviction is affirmed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2019