■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARAN SINGH, Also Known as GURCHARAN MULTANI, Appellant. [817 NYS2d 398]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered July 20, 2004, convicting defendant upon his plea of guilty of the crime of offering a false instrument for filing in the first degree.

Defendant repeatedly filed applications for a driver's license which contained false information in the Queens County office of the Department of Motor Vehicles. Defendant was charged in an Albany County indictment with three counts of offering a false instrument for filing in the first degree. Following denial of his motion to dismiss for lack of geographical jurisdiction, defendant, pursuant to a plea bargain agreement in full satisfaction of the indictment, entered a plea of guilty to the first count, and waived his right to appeal, except as to the issue of geographical jurisdiction. Sentenced to time served and five years of probation, defendant now appeals contending that Albany County lacked the requisite jurisdiction over the crimes charged.

We affirm. Here, during his plea allocution, defendant admitted that he offered a false instrument for filing in Queens County which was subsequently forwarded to Albany County for processing. Under these circumstances, either the county in which the false application was filed or the county to which the false application was forwarded for purposes of processing may properly prosecute defendant (*see People v Singh,* 24 AD3d 896, 896 [2005]; *Matter of Sharpton v Turner,* 169 AD2d 947, 949 [1991]; *see also* CPL 20.40 [1]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.