■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS WHITE, Also Known as P, Appellant. [961 NYS2d 603]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 13, 2010, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant pleaded guilty to assault in the first degree in full satisfaction of a nine-count indictment arising out of his role in the abduction and brutal beating of a young woman. In accordance with the plea agreement, defendant was sentenced as a second felony offender to a prison term of 22 years followed by five years of postrelease supervision. Defendant now appeals.

Upon review of the record before us, we find that defendant did not effect a valid waiver of his right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Lewis*, 39 AD3d 1025, 1025 [2007]). Nonetheless, defendant's arguments regarding the voluntariness of his plea and the ineffective assistance of his trial counsel have not been properly preserved for our review by a motion to withdraw his plea (*see People v Lopez*, 52 AD3d 852, 853 [2008]; *People v McEnteggart*, 26 AD3d 643, 643 [2006], *lv denied* 7 NY3d 759 [2006]). Additionally, the exception to the preservation rule is not applicable as defendant made no statements during his plea that were inconsistent with his guilt (*see People v Lopez*, 71 NY2d 662, 666 [1988]). While defendant contends in his pro se brief that he also made a CPL 440.10 motion, that motion is not before us on this appeal.

In any event, the plea minutes reflect that defendant's plea was knowing, voluntary and intelligent and that he was afforded meaningful representation (*see People v Getter*, 52 AD3d

1117, 1117-1118 [2008]; *People v White,* 47 AD3d 1062, 1063 [2008]; *People v Edwards,* 43 AD3d 1227, 1228 [2007], *lv denied* 9 NY3d 1005 [2007]). Defendant was advised of the rights he forfeited by pleading guilty, stated that he understood those rights and that he had adequate time to consult with his attorney and admitted committing the assault as charged in the indictment. Additionally, defendant confirmed that he was satisfied with counsel's representation. Indeed, counsel was able to secure a very favorable plea agreement considering the number and severity of the crimes charged.

While defendant's guilty plea did not waive his current claim regarding Albany County's geographic jurisdiction over this assault (*see People v Kellerman,* 102 AD2d 629, 630 [1984]),* defendant's claim lacks merit. During the plea colloquy, defendant admitted that, as charged in count five of the indictment, he abducted the victim in Albany County and caused serious physical injury to her in furtherance of a felony, i.e., a kidnapping, in violation of Penal Law § 120.10 (4). As one or more elements of this crime occurred in Albany County, it was a proper venue for the prosecution of this crime (*see* CPL 20.40 [1]; *People v Singh,* 30 AD3d 639, 639 [2006]). Thus, counsel cannot be deemed ineffective for failing to move to dismiss this count of the indictment on this ground.

Finally, despite defendant's age and difficult upbringing, we are not persuaded that the negotiated sentence was harsh or excessive given the brutal and senseless nature of the crime (*see People v Eggsware,* 89 AD3d 1277, 1277 [2011]; *People v Means,* 35 AD3d 975, 976-977 [2006], *lv denied* 8 NY3d 948 [2007]). We have considered defendant's remaining contentions and find them to be without merit.

Mercure, J.P., Rose, Stein and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* Notably, venue issues are waivable (*see People v Greenberg,* 89 NY2d 553, 556 [1997]; *People v McLaughlin,* 80 NY2d 466, 471 [1992]; *People v Lowen,* 100 AD2d 518, 519 [1984]).