■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON J. LAPIERRE, Appellant. [969 NYS2d 605]—

Garry, J. Appeal, by permission, from an order of the County Court of Saratoga County (Scarano, J.), entered August 28, 2012, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of grand larceny in the second degree, without a hearing.

In May 2011, defendant waived prosecution by indictment and pleaded guilty pursuant to a superior court information to grand larceny in the second degree. During the plea colloquy, defendant admitted that he had stolen more than $400,000 from his employer, a credit union, between 2006 and 2010. In accord with the plea agreement, County Court sentenced defendant to a prison term of 3 to 9 years and recommended that he should be allowed to participate in a shock incarceration program. In April 2012, defendant moved pursuant to CPL article 440 to vacate the judgment of conviction, alleging that his trial counsel coerced him to plead guilty and provided him with ineffective

assistance. County Court denied the motion. Defendant appeals by permission.

Defendant contends that County Court erred in denying his motion without a hearing. However, no hearing is required when a motion pursuant to CPL 440.10 can be resolved based upon the motion submissions and the record (*see People v Jackson*, 48 AD3d 891, 893 [2008], *lv denied* 10 NY3d 841 [2008]; *People v Murray*, 300 AD2d 819, 821 [2002], *lv denied* 99 NY2d 617 [2003]). To demonstrate the existence of questions of fact requiring a hearing, defendant was obliged to show "that the nonrecord facts sought to be established are material and would entitle him to relief" (*People v Satterfield*, 66 NY2d 796, 799 [1985]; *accord People v Bethune*, 80 AD3d 1075, 1076 [2011], *lv denied* 17 NY3d 792 [2011]). We agree with County Court that defendant failed to make this showing.

Defendant submits a newspaper article published following his arraignment, in which trial counsel told reporters that defendant admitted taking a much smaller sum than the full amount charged. Defendant's claim that counsel acted against his instructions is unsupported, as are his claims that trial counsel whispered misinformation to him during the plea colloquy and directed him to lie to County Court about medication. Trial counsel refuted these claims by affidavit, and asserted that defendant instructed him to make the statement to the press. The plea transcript reveals that County Court specifically questioned defendant as to his understanding of the terms of the plea agreement. When defendant responded to the court's inquiry that he was taking medication, he also clearly stated that he "under[stood] what's going on." The court inquired further, but defendant denied any difficulty in understanding. As defendant's claims were not factually supported, no need for a hearing was established (*see People v Trombley*, 91 AD3d 1197, 1203 [2012], *lv denied* 21 NY3d 914 [2013]; *People v Reynoso*, 88 AD3d 1162, 1163 [2011]).

Next, defendant claims that he entered his guilty plea based upon trial counsel's improper representation that his participation in a shock incarceration program was guaranteed and that his actual incarceration would be brief. This claim is contradicted by the record, as the plea transcript reflects no ambiguity as to defendant's sentence (*see People v Griffin*, 89 AD3d 1235, 1237 [2011]). Trial counsel advised County Court, in defendant's presence, that the plea agreement included a "recommendation" for shock incarceration. The court then told defendant that it would sentence him to 3 to 9 years in prison and "recommend" his participation in the shock incarceration program.

Defendant—a college graduate—confirmed unequivocally that he understood. Contrary to defendant's contention, the correspondence from his trial counsel following the plea does not demonstrate that there was any misrepresentation or misunderstanding; the letter instead accurately describes the agreed-upon sentence, including the shock incarceration recommendation. Finally, defendant contends that he had insufficient time to consider the ramifications of pleading guilty, as his trial counsel did not inform him of the proposed plea bargain until defendant arrived at court for the appearance. These claims are also belied by the record, as nothing in the plea transcript suggests that defendant may have been surprised by the proposed plea agreement, confused about its terms or dissatisfied with his counsel's performance. On the contrary, he responded affirmatively and without equivocation to all of the court's questions about his understanding of the agreement, his rights, and the voluntariness of his decision to enter the plea. Thus, we cannot conclude that the court erred in denying the motion without a hearing (*see* CPL 440.30 [4] [d]; *People v Sayles*, 17 AD3d 924, 924-925 [2005], *lv denied* 5 NY3d 794 [2005]; *People v Hickey*, 277 AD2d 511, 511 [2000], *lv denied* 95 NY2d 964 [2000]).

Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed.