Lahtinen, J.P.
Appeal, by permission, from an order of the County Court of Rensselaer County (Ceresia, J), entered May 1, 2012, which denied defendant’s motion pursuant to CEL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree and criminal possession of a weapon in the second degree, without a hearing.
Defendant was convicted of murder in the second degree and criminal possession of a weapon in the second degree in May 1999 and was thereafter sentenced to an aggregate prison term of 25 years to life. His conviction was affirmed by this Court on direct appeal (285 AD2d 823 [2001], lv denied 97 NY2d 758 [2002]) where issues asserted included, among others, that the verdict was against the weight of the evidence and he was denied the effective assistance of counsel (id. at 824-825). Over 10 years after our decision, in December 2011, defendant moved pursuant to CEL 440.10 to vacate the judgment of conviction, again contending that he received ineffective assistance of counsel. He premised this contention on an alleged single error by trial counsel in failing to raise an issue as to whether the pre-voir dire oath was properly administered to the jurors (see CEL 270.15 [1] [a]; see also People v Hoffler, 53 AD3d 116, 120-121 [2008], lv denied 11 NY3d 832 [2008]; People v Melendez, 205 AD2d 392, 393 [1994], lv denied 84 NY2d 829 [1994]). County Court denied the motion without a hearing and defendant, by permission, appeals.
We affirm. The alleged single error now asserted to support his present claim of ineffective assistance of counsel would have been known to defendant at the time of his prior appeal a decade earlier. Thus, to the extent that defendant’s argument is based on his attorney’s failure to object when a pre-voir dire oath was not set forth at the appropriate point in the trial, as is allegedly reflected by the four pages of transcript that defendant annexed to his affidavit, such argument could have been raised as part of the ineffective assistance of counsel argument *1240 already made on his direct appeal (see CPL 440.10 [2] [a], [c]).* Moreover, to the extent that he contends that some matters not appearing in the record might have been implicated since it apparently had been the procedure in some courts to administer the oath to the prospective jury pool before they entered the courtroom (see People v Hoffler, 53 AD3d at 121), defendant’s motion was properly denied without a hearing because his claim in such regard was unsupported by any relevant evidence other than his own affidavit (see CPL 440.30 [4] [d]; People v Vallee, 97 AD3d 972, 974 [2012], lv denied 20 NY3d 1104 [2013]; People v Moret, 35 Misc 3d 1205[A], 2012 NY Slip Op 50559[U] [Sup Ct, Bronx County 2012]).
Stein, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed.

 Notably, defendant raised the issue of whether trial counsel was ineffective for failing to object to the apparent lack of an oath in a prior, unsuccessful application for a writ of coram nobis.