*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015          105752
                                                106781
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

CHAMMA BRANDON, Also Known as
    KAREEM,
                    Appellant.
_____

Calendar Date:  September 15, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____

        Lisa A. Burgess, Indian Lake, for appellant, and appellant
pro se.

        Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

                    _____

Lynch, J.

        Appeals (1) from a judgment of the County Court of Clinton
County (Ryan, J.), rendered December 18, 2012, convicting
defendant upon his plea of guilty of the crimes of criminal sale
of a controlled substance in the third degree (two counts),
criminal sale of a controlled substance in or near school grounds
and criminal possession of a controlled substance in the third
degree (six counts), and (2) by permission, from an order
of said court, entered May 30, 2014, which denied defendant's
motion pursuant to CPL 440.10 to vacate the judgment of
conviction, without a hearing.

Defendant was charged in a nine-count indictment with criminal sale of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree (six counts). Defendant was initially represented by attorney Mark Anderson. Following County Court's denial of defendant's Mapp application, defendant requested new counsel and Anderson renewed an earlier request to withdraw. County Court ultimately appointed attorney Matthew Favro to represent defendant in September 2012. In October 2012, defendant pleaded guilty to the indictment and was sentenced, as a second felony offender, to an aggregate prison term of 10 years with three years of postrelease supervision. Defendant's subsequent motion pursuant to CPL article 440 to vacate the judgment of conviction was denied without a hearing. Defendant appeals from both the judgment of conviction and, by permission of this Court, from the order denying his CPL article 440 motion.

We affirm. Defendant initially contends that the integrity of the grand jury proceeding was compromised because the People failed to present evidence concerning a witness's motivation and credibility. Having failed to raise this specific contention in his motion to dismiss the indictment, the argument has not been preserved for our review (see CPL 210.20 [3]; 470.05 [2]; People v Goldston, 126 AD3d 1175, 1176-1177 [2015], lv denied 25 NY3d 1201 [2015]). In any event, "[t]he People generally enjoy wide discretion in presenting their case to the [g]rand [j]ury" and were not required to present such evidence (People v Lancaster, 69 NY2d 20, 25 [1986], cert denied 480 US 922 [1987]; see People v Goldston, 126 AD3d at 1177; People v Ramjit, 203 AD2d 488, 489 [1994], lv denied 84 NY2d 831 [1994]). Having entered a plea of guilty, defendant forfeited his claim that he was denied a speedy trial under CPL 30.30 (see People v O'Brien, 56 NY2d 1009, 1010 [1982]; People v Friscia, 51 NY2d 845, 847 [1980]; People v Irvis, 90 AD3d 1302, 1303 [2011], lv denied 19 NY3d 962 [2012]). Nor did he preserve this claim by raising it in a pretrial motion to dismiss (see People v Devino, 110 AD3d 1146, 1147 [2013]).

Defendant's assertion that he was denied the effective assistance of counsel is unpersuasive. Defendant complains that

Anderson failed to listen to an audiotape of the oral application for a search warrant, which authorized a search of his car and hotel room, resulting in the seizure of both cocaine and heroin. As such, defendant maintains that counsel failed to assess whether there was probable cause for the issuance of the warrant. The record shows that after granting defendant's request for a Mapp hearing, County Court concluded, upon listening to the audiotape, that a Mapp hearing was unnecessary since the detective applying for the warrant disclosed that the involved confidential informant (whose name was not revealed) had participated in two recent controlled buys that were monitored by himself or other members of the Adirondack Drug Task Force. This information satisfied the reliability prong of the Aguilar-Spinelli test and provided probable cause to issue the warrant (see People v Serrano, 93 NY2d 73, 78 [1999]; People v Brucciani, 82 AD3d 1001, 1002 [2011], lv denied 17 NY3d 814 [2011]; People v Davenport, 231 AD2d 809, 810 [1996], lv denied 89 NY2d 921 [1996]). Defendant further asserts that counsel would have been able to discern the identity of the confidential informant and challenge the People's failure to inform the grand jury of that witness's motivation and background. As discussed, the People had no duty to present such proof. The failure to make a motion with "little or no chance of success" does not constitute ineffective assistance (People v Clarke, 110 AD3d 1341, 1345 [2013], lv denied 22 NY3d 1197 [2014] [internal quotation marks and citations omitted]). Viewed in totality, and considering that counsel made appropriate pretrial motions to compel discovery and moved for Sandoval, Wade and Mapp hearings, we are satisfied that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Brabham, 126 AD3d 1040, 1044 [2015], lvs denied 25 NY3d 1160, 1171 [2015]).

We are unpersuaded by defendant's claim that County Court erred by imposing restitution at sentencing without first offering him an opportunity to withdraw his plea.[1] Since

---

[1] Defendant's failure to object at sentencing does not preclude appellate review of this issue (see People v Culcleasure, 75 AD3d 832, 832 [2010]; People v Snyder, 23 AD3d

defendant pleaded guilty to the indictment, after rejecting a proposed plea offer, sentencing remained within the court's discretion, with the qualifier that County Court represented that it would not impose a sentence in excess of 48 years or a fine. That the court required the payment of $500 in restitution (based on the funds used in the two controlled buys), which is separate and distinct from a fine (see Penal Law §§ 60.05 [7]; 60.27), does not provide a basis for defendant to withdraw his plea (compare People v McCarthy, 56 AD3d 904, 905 [2008]; People v Branch-El, 12 AD3d 785, 786 [2004], lvs denied 4 NY3d 761, 763 [2005]; People v Toms, 293 AD2d 768, 769 [2002]).

    Finally, we conclude that County Court properly denied defendant's CPL 440.10 motion without a hearing. On a motion to vacate a judgment of conviction, a hearing is only required if the submissions "show that the nonrecord facts sought to be established are material and would entitle [the defendant] to relief" (People v Satterfield, 66 NY2d 796, 799 [1985]; see CPL 440.30 [5]; People v Hennessey, 111 AD3d 1166, 1168-1169 [2013]). Since defendant's claim that Anderson had a conflict of interest is based solely on defendant's own affidavit, County Court did not abuse its discretion in rejecting the claim (see People v Leader, 116 AD3d 1239, 1240 [2014], lvs denied 24 NY3d 1045, 1046 [2014]; People v Vallee, 97 AD3d 972, 974 [2012], lv denied 20 NY3d 1104 [2013]). We also reject defendant's further claim that his plea was involuntary because Favro erroneously advised him that he faced a maximum sentence between 48 and 72 years since, during the plea proceeding, County Court expressly limited the potential sentence to 48 years. Moreover, as counsel correctly cautioned, those counts of the indictment charging defendant with possession of both heroin and cocaine found in his hotel room — two possessory offenses occurring at the same time — may constitute separate and distinct offenses for purposes of sentencing (see Penal Law § 70.25 [2]; People v Laureano, 87 NY2d 640, 643 [1996]; see also People v Bryant, 92 NY2d 216, 230-231 [1998]; People v Smith, 309 AD2d 1081, 1083 [2003]). Nor is there any support for defendant's contention that Favro

761, 762 [2005]).

encouraged him to plead to the indictment because County Court was sympathetic to drug offenders.  The record otherwise shows that defendant's plea was knowingly, intelligently and voluntarily made.

    Peters, P.J., Lahtinen and McCarthy, JJ., concur.


    ORDERED that the judgment and order are affirmed.




            ENTER:

            Robert D. Mayberger
            Clerk of the Court