Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: April 28, 2016      104495
                                          106452
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                            MEMORANDUM AND ORDER

THOMAS LEWIS,
                    Appellant.
_____

Calendar Date:  March 22, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        James E. Long, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Steven M. Sharp of counsel), for respondent.

_____

Lahtinen, J.P.

        Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered May 13, 2010, convicting defendant upon his plea of guilty of the crime of assault in the first degree, and (2) by permission, from an order of the Supreme Court (Breslin, J.), entered January 30, 2014 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

        Defendant pleaded guilty to assault in the first degree in satisfaction of three counts charged in an indictment stemming from his participation in the kidnapping and vicious beating of a young woman in May 2009.  Consistent with the plea agreement that

also contemplated a waiver of appeal, defendant was sentenced as a second felony offender to a prison term of 22 years to be followed by five years of postrelease supervision.[1]  Defendant's subsequent pro se motion to vacate the judgment was denied in a written decision, without a hearing.  Defendant now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.

Initially, although an appeal waiver was recited as a term of the plea agreement, a review of the record does not establish that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]).  There was no written appeal waiver and, when County Court elicited an oral waiver from defendant, it did not explain its meaning or ascertain that he had specifically discussed the waiver or the appellate process with counsel (see People v Proper, 133 AD3d 918, 919 [2015]; People v Ashlaw, 126 AD3d 1236, 1237 [2015]).  As the court's brief inquiry was insufficient "to ensure that defendant grasped the minimal information pertaining to the appeal waiver" (People v Bradshaw, 18 NY3d 257, 260 [2011]; accord People v Anderson, 129 AD3d 1385, 1385 [2015], lv denied 26 NY3d 965 [2015]), it is not enforceable.  Nonetheless, defendant's challenge to his guilty plea as involuntary was not raised in an appropriate postallocution motion to withdraw his plea (see CPL 220.60 [3]), so it is unpreserved for our review on his direct appeal (see People v Atkinson, 124 AD3d 1149, 1150 [2015], lv denied 25 NY3d 949 [2015]).  Defendant made no statements during the allocution that negated an essential element of the crime or cast doubt on his guilt so as to trigger the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Burritt, 127 AD3d 1433, 1434 [2015]).  In any event, contrary to his claim, a factual recitation was not required and his unequivocal responses to the court's detailed questions were sufficient to establish his guilt (see People v Rouse, 119 AD3d 1161, 1163 [2014]).

_____

[1]  The conviction of another participant in this crime was affirmed by this Court (People v White, 104 AD3d 1056 [2013], lvs denied 21 NY3d 1018, 1021 [2013]).

With regard to defendant's remaining claims, including those raised in his pro se briefs, we have reviewed them and find that none has merit. His challenge to the count of the indictment to which he pleaded guilty as duplicitous is not preserved for our review (see People v Allen, 24 NY3d 441, 449-450 [2014])[2] and, in any event, it was waived by his guilty plea (see People v Jackson, 129 AD3d 1342, 1342-1343 [2015]; People v Vega, 268 AD2d 686, 687 [2000], lv denied 95 NY3d 839 [2000]). We have previously rejected the claim that Albany County did not have geographic jurisdiction over this assault (see People v White, 104 AD3d 1056, 1057 [2013], lvs denied 21 NY3d 1018, 1021 [2013]; CPL 20.40 [1]), and his argument regarding the sufficiency of the evidence presented to the grand jury is also precluded by his guilty plea (see People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]).[3] While defendant may challenge the agreed-upon sentence as harsh and excessive given the invalid appeal waiver (see People v Lopez, 6 NY3d at 256), it is devoid of merit in view of the unspeakable brutality of his crime (see People v White, 104 AD3d at 1057), committed while he was on parole for a manslaughter conviction.

We next turn to the denial of defendant's motion to vacate the judgment of conviction, which is supported solely by defendant's own affidavit. The motion was premised primarily upon the assertion that he was deprived of the effective assistance of counsel due to her failure to make pretrial motions

----

[2] Defendant's omnibus motion seeking dismissal of the indictment (see CPL 210.20) did not raise duplicity (see CPL 200.30), and County Court's decision thereon did not address it.

[3] Appellate counsel also raises the duplicity and sufficiency of grand jury evidence claims on the appeal from the denial of defendant's motion to vacate. For the reasons stated, these claims are precluded by defendant's valid guilty plea. Moreover, claims such as these that can be raised on direct appeal are foreclosed for review in a CPL 440.10 motion (see CPL 440.10 [2] [c]; People v Hillriegel, 78 AD3d 1381, 1382 [2010]).

and to move to dismiss the indictment on various grounds. However, the "[f]ailure to request a suppression hearing or to make a pretrial motion does not, by itself, constitute ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy" (People v Vonneida, 130 AD3d 1322, 1322-1323 [2015], lv denied 26 NY3d 1093 [2015]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Rivera, 71 NY2d 705, 709 [1998]; People v Cooper, 126 AD3d 1046, 1047-1048 [2015], lv denied 26 NY3d 966 [2015]).  Moreover, as part of the plea, defendant expressly waived the right to pretrial hearings and withdrew his pending motions, and his guilty plea prior to any suppression decisions forfeited those issues (see People v Fernandez, 67 NY2d 686, 688 [1986]).  As the record reflects that counsel filed appropriate challenges to the indictment and to potential evidence and secured a favorable plea deal, and nothing in the record casts doubt on counsel's apparent effectiveness, we find no support for his claim that he was deprived of meaningful representation (see People v Caban, 5 NY3d at 152; People v Cooper, 126 AD3d at 1048).  Given that defendant has failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure[s]" (People v Wragg, 26 NY3d 403, 409 [2015]) and his self-serving claims are contradicted by the record or unsupported by any other evidence, Supreme Court properly denied his motion to vacate without a hearing (see CPL 440.30 [4] [d]; People v Satterfield, 66 NY2d 796, 798-799 [1985]; People v Brandon, 133 AD3d 901, 903-904 [2015]).

McCarthy, Garry, Rose and Mulvey, JJ., concur.

ORDERED that the judgment and order are affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court