People v Sparbanie (2018 NY Slip Op 01093)





People v Sparbanie


2018 NY Slip Op 01093


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

107318

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
WALTER M. SPARBANIE SR., Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


William T. Morrison, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Sophie J. Marmor of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered November 24, 2014, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered June 23, 2015, which denied defendant's motions pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and to set aside the sentence, without a hearing.
In May 2014, defendant was indicted and charged with one count of attempted assault in the first degree and one count of assault in the second degree. The charges stemmed from an incident wherein defendant stabbed his then-girlfriend in the chest and thigh with a kitchen knife. After apparently rejecting
an initial plea offer, defendant proceeded to trial on October 27, 2014. Following jury selection, County Court was informed that two Child Protective Services caseworkers recently had spoken with defendant at the local jail regarding a pending Family Court matter and, during the course of that conversation, defendant allegedly made certain inculpatory statements relative to the criminal charges lodged against him. County Court, deeming the timing of the alleged statements to be "very troubling," effectively concluded that such statements were inadmissible and warned the People that, if they elected to call the caseworkers to testify, the court would declare a mistrial and dismiss the indictment. As a result of the court's ruling, no Huntley hearing was held.
Defense counsel thereafter advised County Court that an open plea agreement had been reached whereby defendant would plead guilty to one count of assault in the second degree — with sentencing left to the discretion of County Court. After being apprised of the rights that he would be forfeiting by forgoing a jury trial, defendant pleaded guilty to one count of assault in the second degree and the matter was adjourned for sentencing. County Court thereafter sentenced defendant to a prison term of six years followed by five years of postrelease supervision (subsequently corrected to three years of postrelease supervision). Defendant then moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 and to set aside the sentence pursuant to CPL 440.20. County Court denied the motions without a hearing, finding, among other things, that the corrected sentence imposed was authorized, lawful and valid and that defendant's challenge to the voluntariness of his plea could be raised upon his direct appeal from the judgment of conviction and, hence, was not properly the subject of a CPL 440.10 motion. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motions.
We affirm. Defendant initially contends that his plea was not knowing, intelligent and voluntary. Specifically, defendant argues that County Court's suppression ruling regarding the purportedly inculpatory statements made to the caseworkers at the local jail, although undeniably favorable to defendant, as well as the court's corresponding failure to hold a Huntley hearing, were erroneous. Hence, defendant's argument continues, when the open plea agreement subsequently was proposed, he felt compelled to accept it immediately before County Court could reverse itself and allow the subject statements to be admitted into evidence at trial.
To the extent that defendant's coercion claim is based upon the plea colloquy itself, i.e., upon facts that are apparent from the face of the record, defendant's challenge to the voluntariness of his plea is unpreserved for our review in the context of his direct appeal absent evidence of a postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Darrell, 145 AD3d 1316, 1317 [2016], lv denied 29 NY3d 1125 [2017]; People v Oddy, 144 AD3d 1322, 1323 [2016], lv denied 29 NY3d 1131, 1323 [2017]), and we discern no basis upon which to invoke the narrow exception to the preservation requirement (see People v Oddy, 114 AD3d at 1323-1324; People v Lewis, 138 AD3d 1346, 1347 [2016], lv denied 28 NY3d 1073 [2016]). In any event, defendant's coercion claim — though novel — is unpersuasive.
A review of the plea colloquy confirms that, after being advised of the rights that he would be forfeiting by pleading guilty and afforded additional time to confer with counsel, defendant unequivocally expressed his desire to go forward with the plea (see People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied 26 NY3d 1086 [2015]) and thereafter engaged in a detailed factual allocution as to the conduct constituting the crime of assault in the second degree (cf. People v Charleston, 142 AD3d 1248, 1249-1250 [2016]; People v Taylor, 135 AD3d 1237, 1237 [2016], lv denied 27 NY3d 1075 [2016]; People v Arnold, 102 AD3d 1061, 1062 [2013]). At best, the pressure to which defendant now contends that he was subjected "amounts to the type of situational coercion faced by many defendants [who are] offered a plea deal, and it does not undermine the voluntariness of defendant's guilty plea" (People v Colon, 122 AD3d 956, 957 [2014] [internal quotation marks, brackets and citations omitted]; see People v Mills, 146 AD3d 1173, 1175 [2017]). Defendant's related ineffective assistance of counsel claim is unpreserved for our review (see People v Broomfield, 128 AD3d at 1272).
To the extent that defendant's challenge to either the voluntariness or factual sufficiency of his plea is based upon matters outside of the record and, hence, is the proper subject of a CPL 440.10 motion, we find that defendant's conclusory assertions, which were entirely "unsupported [*2]by any affidavits or documentary evidence" (People v Darrell, 145 AD3d at 1320), were insufficient to warrant a hearing (see CPL 440.30 [1] [a]; [4] [b], [d]; People v LaPierre, 108 AD3d 945, 946 [2013]; People v Vallee, 97 AD3d 972, 974 [2012], lv denied 20 NY3d 1104 [2013]). Additionally, even assuming — without deciding — that defendant's ineffective assistance of counsel claim consists of both record-based and nonrecord-based allegations, "thereby permitting review of his claim of ineffective assistance in its entirety" (People v Taylor, 156 AD3d 86, 91 [2017]), we would find that defendant was afforded meaningful representation (see People v Oddy, 144 AD3d at 1324; People v Lewis, 138 AD3d at 1348-1349) — particularly in view of the fact that counsel's primary alleged deficiency consisted of his failure to insist upon a Huntley hearing after County Court had effectively ruled in defendant's favor.
Finally, as for defendant's motion to set aside his corrected sentence, the periods of incarceration and postrelease supervision imposed fell within the statutory parameters for a violent class D felony (see Penal Law §§ 70.02 [1] [c]; [2] [c]; [3] [c]; 70.45 [2] [e]; 120.05 [2]), and defendant failed to establish that the sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]; see People v Williamson, 72 AD3d 1339, 1339 [2010], lv denied 15 NY3d 779 [2010]). Accordingly, defendant's motion to set aside the sentence pursuant to CPL 440.20 was properly denied. Defendant's remaining contentions have been examined and found to be lacking in merit.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.