People v Jones (2018 NY Slip Op 03396)





People v Jones


2018 NY Slip Op 03396


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

108800

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT ANTHONY JONES, Appellant.

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Mitchell S. Kessler, Cohoes, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Jamie E. Martineau of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal, by permission, from an order of the County Court of Essex County (Meyer, J.), entered August 29, 2016, which partially denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crimes of murder in the second degree, kidnapping in the first degree and rape in the first degree and to set aside the sentence, without a hearing.
On December 30, 1993, defendant was convicted of the federal crimes of bank robbery (four counts), interstate transport of firearms and use of a firearm during a crime of violence and was sentenced to serve 181 months in federal prison. The following week, in accordance with defendant's instructions, the attorneys who represented defendant on the federal charges
contacted the Essex County District Attorney and indicated that defendant — who at that time remained unnamed — could provide information regarding a June 1987 unsolved disappearance of a 16-year-old girl (hereinafter the victim). Following extensive discussion and negotiation, defendant entered into and signed a written plea agreement in which he agreed to plead guilty to murder in the second degree, kidnapping in the first degree and rape in the first degree in exchange for a maximum aggregate sentence of 18 years to life in prison. Defendant further agreed to be interviewed by the police, during which time he would fully explain the circumstances of the victim's disappearance, acknowledge criminal responsibility for her death, identify the location of her remains and assist the authorities in recovering those remains. Defendant further agreed to execute a sworn statement setting forth all relevant facts resulting from this police interview. Defendant signed the written plea agreement and acknowledged, before a notary public, that he had read and executed the agreement after being advised by [*2]counsel, and that he had entered into it "freely, voluntarily, and of [his] own accord."
In accordance with the plea agreement, defendant was interviewed — in the presence of counsel — by the State Police, at the start of which he acknowledged, among other rights, his right to remain silent and to stop the interview at any time. Defendant then proceeded to describe, with excruciating detail, his crimes against the victim and the location of her body. The interview was transcribed and defendant thereafter swore before a notary public that he had read the transcription of the interview and that the information he had given was "all true to the best of [his] knowledge and belief." Defendant was subsequently indicted and arraigned on the charges of murder in the second degree, kidnapping in the first degree and rape in the first degree and he pleaded guilty to those charges. Although not included in the written plea agreement, defendant also waived his right to appeal. Thereafter, as contemplated by the plea agreement, defendant was sentenced to an aggregate prison term of 18 years to life.
More than 20 years later, after his application for parole was denied, defendant moved, pursuant to CPL 440.10 and 440.20, to vacate the judgment of conviction and to set aside his sentence, primarily asserting ineffective assistance of counsel. County Court partially denied the motion without a hearing, finding that defendant's allegations of ineffective assistance of counsel were procedurally barred by CPL 440.10 (2) (c) because they could have been raised on direct appeal from the judgment of conviction, had he taken one, and that, in any event, his contentions lacked merit [FN1]. With permission of this Court, defendant now appeals.
Initially, we disagree with County Court that defendant's allegations of ineffective assistance of counsel were procedurally barred under CPL 440.10 (2) (c). Under that provision, a motion to vacate a judgment of conviction must be denied when the trial record contains sufficient facts that would have allowed for "adequate review of the ground or issue raised . . ., [but] no such appellate review or determination occurred owing to the defendant's . . . unjustifiable failure to raise such ground or issue upon an appeal actually perfected" (CPL 440.10 [2] [c]). Here, defendant bases his claim of ineffective assistance of counsel on, among other things, his attorney's failure to (1) make a motion to suppress his confession as having been procured through coercive police tactics, including threats to his wife and father, and in violation of his right to counsel, (2) challenge his arrest as unsupported by probable cause and (3) attack the facts underlying his convictions, including the corroborating evidence supporting his allegedly coerced confession. Defendant also asserts that his attorney improperly advised him to reject a more favorable plea deal that allegedly offered him a shorter aggregate prison term of 20 years. Because a claim of ineffective assistance of counsel "constitutes a single, unified claim that must be assessed in totality" and defendant's allegations are grounded upon matters appearing both on the record and outside the record, CPL 440.10 (2) (c) does not operate to bar defendant's claim of ineffective assistance of counsel (People v Taylor, 156 AD3d 86, 91-92 [2017], lv denied 30 NY3d 1120 [2018]; see People v Maxwell, 89 AD3d 1108, 1109 [2011]; see generally People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US 912 [2011]).
Nevertheless, defendant was not entitled to a hearing on his motion. It is not necessary to conduct a hearing on every motion made pursuant to CPL 440.10 and, indeed, a hearing is not required when the motion can be resolved on the motion submissions and the record (see People [*3]v Satterfield, 66 NY2d 796, 799 [1985]; People v Pabon, 157 AD3d 1057, 1058 [2018], lv denied 31 NY3d 986 [2018]; People v LaPierre, 108 AD3d 945, 946 [2013]). "To demonstrate the existence of questions of fact requiring a hearing, [a] defendant [is] obliged to show 'that the nonrecord facts sought to be established are material and would entitle him [or her] to relief'" (People v LaPierre, 108 AD3d at 946, quoting People v Satterfield, 66 NY2d at 799; see People v Brandon, 133 AD3d 901, 903 [2015], lvs denied 27 NY3d 992, 1000 [2016]).
Significantly, "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004]; see People v Brandon, 133 AD3d at 903; People v Trombley, 91 AD3d 1197, 1203 [2012], lv denied 21 NY3d 914 [2013]). The record belies defendant's assertion — supported solely by his own self-serving affidavit (see People v Lewis, 138 AD3d 1346, 1348 [2016], lv denied 28 NY3d 1073 [2016]; People v Brandon, 133 AD3d at 904) — that his confession was coerced and/or obtained in violation of his right to counsel and, thus, should have been challenged by way of a suppression motion. The record establishes that defendant's own actions precipitated his arrest, prosecution and the resulting plea agreement, as the authorities did not have any "leads or . . . reasonable prospects for the development of any leads" until defendant directed the attorneys who represented him on the federal charges to approach the Essex County District Attorney with information regarding the victim's disappearance [FN2]. Additionally, the written plea agreement, sworn transcript of defendant's police interview and the plea colloquy all demonstrate that defendant was aware of his right to remain silent and that his statements to the police regarding his crimes against the victim were voluntarily given in contemplation of securing a favorable plea deal for himself and for his wife — who was facing federal charges for her involvement in the bank robberies. Moreover, during the plea colloquy, defendant swore that his confession had not been obtained illegally or involuntarily, that he was pleading guilty of his "own free will" and that neither he nor any member of his family had been "threatened or abused in any way" in order to induce his confession. Under these circumstances, trial counsel cannot be faulted for failing to make a motion to suppress defendant's confession (see People v Lewis, 138 AD3d at 1348-1349; People v Vonneida, 130 AD3d 1322, 1322-1323 [2015], lv denied 26 NY3d 1093 [2015]). For similar reasons, counsel was not ineffective for failing to challenge defendant's arrest as unsupported by probable cause (see People v Baez, 24 AD3d 112, 115-116 [2005], lv denied 6 NY3d 809 [2006]).
In addition, defense counsel's representation was not deficient when he did not challenge defendant's confession as uncorroborated (see CPL 60.50). Contrary to defendant's contention, any such challenge would have likely been futile, as his confession was sufficiently corroborated by the recovery of the victim's remains at the particular burial location described by defendant, not far from his family's cabin (see People v Mulgrave, 163 AD2d 538, 539 [1990], lv denied 76 NY2d 989 [1990]). Finally, given the crimes to which defendant pleaded guilty, County Court could not have lawfully imposed the alleged plea offer of a 20-year determinate prison sentence that defense counsel supposedly advised defendant to reject (see Penal Law § 70.00 [1]). Defendant's remaining contentions are conclusory in nature, unsupported by his motion submissions or, to some extent, contradicted by the record (see People v Pabon, 157 AD3d at 1058). In short, considering his guilty plea, the circumstances leading up to that plea and the fact that defense counsel negotiated a favorable plea bargain, defendant failed to demonstrate that the factual allegations of ineffective assistance of counsel raised in his affidavit, [*4]if true, would entitle him to relief (see People v Oddy, 144 AD3d 1322, 1324 [2016], lv denied 29 NY3d 1131 [2017]; People v Decker, 139 AD3d 1113, 1117 [2016], lv denied 28 NY3d 928 [2016]; People v St. John, 163 AD2d 687, 688 [1990], lv denied 76 NY2d 944 [1990]). Accordingly, defendant was not entitled to a hearing, and County Court properly denied his motion (see People v Lewis, 138 AD3d at 1349; People v Baptiste, 306 AD2d 562, 570 [2003], lv denied 1 NY3d 594 [2004]).
Garry, P.J., McCarthy, Lynch and Pritzker, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: County Court did, however, grant that aspect of defendant's motion seeking to vacate his adjudication as a second felony offender and to correct his sentence for rape in the first degree to reflect such vacatur.

Footnote 2: At defendant's parole hearing, he stated that his counsel had repeatedly advised him against coming forward with information.