People v Vargas (2019 NY Slip Op 05023)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Vargas

2019 NY Slip Op 05023

Decided on June 20, 2019

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2019

109150

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
vDIMAS VARGAS, Appellant.

Calendar Date: May 1, 2019
Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Thomas P. Theophilos, Buffalo, for appellant.
Letitia James, Attorney General, New York City (Nikki Kowalski of counsel), for respondent.

MEMORANDUM AND ORDER
Lynch, J.
Appeal, by permission, from an order of the County Court of Broome County (Dooley, J.), entered February 2, 2017, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate two judgments of conviction and to set aside the sentences, without a hearing.
Following an undercover investigation, which included controlled buys of cocaine from defendant and a coordinated traffic stop of defendant's vehicle that resulted in the seizure of a quantity of cocaine, defendant was charged in a 32-count indictment with conspiracy and various drug-related offenses (hereinafter the first indictment). While released on bail, defendant was charged in a five-count indictment with criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, reckless endangerment in the first degree, assault in the third degree and perjury in the first degree stemming from a shooting incident (hereinafter the second indictment). Following a jury trial on the second indictment, defendant was convicted as charged.
Prior to sentencing, the People offered defendant a plea bargain regarding the first indictment, which would require him to plead guilty to two counts of criminal sale of a controlled substance in the third degree and one count of endangering the welfare of a child in full satisfaction of the first indictment in exchange for a prison term of 18 years, to be served concurrently with the sentences to be imposed for his convictions on the second indictment. Defendant rejected the plea offer and also waived his right to a jury trial on the first indictment. Following a nonjury trial, defendant was convicted of conspiracy in the fourth degree, 11 counts of criminal sale of a controlled substance in the third degree, 13 counts of criminal possession of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the fourth degree. Defendant was sentenced on the second indictment, as a second felony offender, to a prison term of 14 years for his conviction of criminal possession of a weapon in the second degree, as well as to other lesser concurrent sentences, together with a [*2]consecutive prison term of 2 to 4 years for his conviction of perjury in the first degree, to be followed by five years of postrelease supervision. Regarding the first indictment, defendant was sentenced to prison terms of seven years each for two of his convictions of criminal sale of a controlled substance in the third degree, to be served consecutively to each other and to the sentences imposed on the second indictment, as well as to other lesser concurrent sentences. On appeal, defendant's judgments of conviction were affirmed by this Court (72 AD3d 1114, 1114-1121 [2010], lv denied 15 NY3d 758 [2010]; 60 AD3d 1236, 1240 [2009], lv denied 13 NY3d 750 [2009]).
In July 2016, defendant moved, pursuant to CPL 440.10 and 440.20, to vacate the judgments of conviction and to set aside the sentences on the basis that his trial counsel was ineffective. Specifically, defendant maintains that counsel's erroneous advice that the People were required to produce the cocaine allegedly sold or possessed for each relevant count of the first indictment led him to reject the more favorable plea offer and waive his right to a jury trial. County Court denied the motion without a hearing. Defendant now appeals, with permission, from the order denying his postconviction motion.
We conclude that County Court properly denied defendant's postconviction motion without a hearing. "On a motion to vacate a judgment of conviction, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Brandon, 133 AD3d 901, 903 [2015] [internal quotation marks, brackets and citations omitted], lvs denied 27 NY3d 992, 1000 [2016]; see CPL 440.30 [5]; People v Blackman, 166 AD3d 1321, 1322 [2018]). A court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence (see People v Guynup, 159 AD3d 1223, 1225 [2018], lv denied 31 NY3d 1082 [2018]; People v Lewis, 138 AD3d 1346, 1349 [2016], lv denied 28 NY3d 1073 [2016]). In support of his motion to vacate the judgments of conviction, defendant tendered his own affidavit, wherein he asserted that, after the People put forth a plea offer, defendant asked his trial counsel "whether or not the [P]eople had to produce the drugs at trial in order to convict [him] of any of the drug offenses" and trial counsel ostensibly stated that "the [People] had to produce the drugs." Defendant thereafter requested and was allowed to listen to the wiretap recordings implicating him in the drug-related crimes before making a final determination on the plea offer. Defendant asserted that trial counsel confirmed, once again, that the People had to produce the drugs at trial. Defendant maintains that, based on this advice, he rejected the plea offer and waived a jury trial on the first indictment.
"It is well settled that a defendant is entitled to the effective assistance of competent counsel at the plea negotiations stage" (People v Bank, 28 NY3d 131, 137 [2016] [citation omitted]; see People v Brett W., 144 AD3d 1314, 1315 [2016]; People v Curry, 123 AD3d 1381, 1382 [2014], lv denied 25 NY3d 950 [2015]). "[A] court may direct the People to reoffer a prior, more favorable plea offer on ineffective assistance of counsel grounds only if [the] defendant demonstrates (1) the existence of a prior, more favorable plea offer, (2) a reasonable probability that, but for defense counsel's conduct, he or she would have accepted the prior plea offer, (3) a reasonable probability that the agreement would have been presented to and accepted by the court and (4) that the conviction and/or sentence under the terms of the plea offer would have been less severe than the conviction and sentence ultimately imposed" (People v McGee, 166 AD3d 1390, 1392 [2018] [citations omitted]; see Lafler v Cooper, 566 US 156, 164 [2012]; People v Rudolph, 170 AD3d 1258, 1262-1263 [2019]).
We are not persuaded by defendant's self-serving argument (see People v Guynup, 159 AD3d at 1225; People v Lane, 83 AD3d 1118, 1119 [2011], lv denied 17 NY3d 818 [2011]; People v Hoffler, 74 AD3d 1632, 1635 [2010], lv denied 17 NY3d 859 [2011]; People v Santiago, 227 AD2d 657, 658 [1996]). Prior to trial, trial counsel submitted a legal memorandum addressing whether possession and sale of a controlled substance can be proven by circumstantial evidence. In the memorandum, trial counsel recognized that possession and sale may be proven by circumstantial evidence, but asserted that in this particular case, the People [*3]should not be allowed to use a drug addict to prove circumstantially that the particular substance that defendant possessed and/or sold was an illegal drug because such testimony was unreliable and the People did not possess other corroborating evidence. Further, at the onset of trial, trial counsel acknowledged, in response to an inquiry by County Court, that if the People provided a proper foundation, a drug addict could testify to identify a particular substance. Overall, the record reflects trial counsel's strategy of showing that the testimony of a drug addict as to what defendant possessed and/or sold was unreliable, and defendant failed to identify any evidence in the record to show that trial counsel advocated that the People must produce the drugs in order to convict him. Although trial counsel stated in a letter responsive to the motion to vacate that he no longer had access to defendant's file due to changing firms and had no independent recollection of telling defendant that the People had to produce the drugs at trial, he speculated that, if he believed that were the case, he would have objected and moved to dismiss the drug-related counts on evidentiary grounds.
We agree with County Court that it is implausible that trial counsel would advise defendant inconsistently off the record given the arguments he was making before the court. That is all the more so because, with respect to the first indictment, we upheld his convictions for criminal sale in the third degree and conspiracy in the fourth degree, finding that the evidence established that "defendant made 'a bona fide offer to sell' indicating both the intent and the ability to proceed with the sale" (72 AD3d at 1117-1118, quoting People v Mike, 92 NY2d 996, 998 [1998]). Such convictions do not require proof that the defendant actually possessed the contraband (see 72 AD3d at 1117-1118). The record further shows that defendant had other reasons to reject the plea offer, as he had previously stated that he was willing to plead guilty to the drug-related charges in the indictment, but not to the entire indictment, and that he would accept a plea agreement with a prison term of 15 years, not 18 years (see People v Fernandez, 5 NY3d 813, 814 [2005]).
Defendant's contention that his affidavit was corroborated by his questions to County Court also lacks merit. Following a suppression hearing and after waiving a jury trial on the first indictment, defendant asked County Court whether, for his drug-related charges, he had "the right to see these drugs" or whether it would have been sufficient to only show that he sold the drugs to a person. County Court told defendant to speak with trial counsel and also informed him that "[t]he People are going to have to prove beyond a reasonable doubt in each and every alleged count of sale that cocaine was sold and that, in fact, it is cocaine." Defendant then inquired whether the People "have to present cocaine to the [c]ourt to show that [he] sold cocaine," to which County Court replied, "Yeah. Yeah." This colloquy does not corroborate defendant's allegations that trial counsel provided him with improper advice. Defendant's questions indicate that he was inquiring into whether the People needed to produce the drugs or whether testimony from an informant would be sufficient. Although it is not clear whether County Court properly understood defendant's follow-up question, the court properly stated that the People have to show that defendant sold cocaine and asked defendant to consult his trial counsel. Defendant's remaining contentions, to the extent not discussed herein, have been considered and found to be lacking in merit.
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed.